## AUGUST HONERKAMP LUMBER CO. v. STEVES LUMBER & BUILDING CO. et al.

### No. 8492.

Circuit Court of Appeals, Fifth Circuit.

March 28, 1938.

---

594

H. M. Holden, of Houston, Tex., for appellant.

Orrin H. Bonney, T. G. Schirmeyer, Rolland Bradley, and Robert L. Cole, Sr., all of Houston, Tex., for appellees.

Before FOSTER and SIBLEY, Circuit Judges, and STRUM, District Judge.

FOSTER, Circuit Judge.

This is an appeal from a decree in admiralty ordering appellant to contribute the sum of $1,400 to the fund realized from the sale of a vessel by the marshal, on grounds to be hereafter stated. The record is not as satisfactory as it might be, but the following facts sufficiently appear:

On May 21, 1936, a libel in rem was filed against the Harry Lee, a large barge used as a pleasure resort, her tackle, apparel, and furniture, by R. L. Waters, claiming a lien for materials and labor, and she was seized under admiralty process by the marshal on May 23, 1936. No question is raised as to the jurisdiction of the court over the vessel. She was claimed by Rene Breaux on June 30, 1936, who executed a bond for costs in the sum of $250, but did not give a stipulation for her release. Numerous interventions were filed by seamen and others, including appellant, claiming liens on the vessel. She was valued by appraisers appointed by the court at $16,000. After the claims had been proven before a master and exceptions to his report were overruled, 'the vessel was ordered sold by the marshal and an upset price of $8,000 was fixed by the court. The vessel was offered for sale on December 2, 1936, but there were no bids and she was again ordered to be sold without restriction as to price. The vessel was again offered for sale on December 12, 1936, and was bid in by A. E. J. Steves for $2,000. Appellant objected to confirmation of this sale on the ground that the price was grossly inadequate and prayed that the sale be not confirmed but be set aside. The pleading filed by appellant contained this paragraph:

"That, if the sale be not confirmed, but be set aside and a new sale ordered and advertised, August Honerkamp, the President of this intervening libelant, will undertake to bid at such sale, the sum of Four Thousand ($4,000.00) Dollars, if there be no other bid of as much as said amount that he is willing and able to pay such sum and is willing to enter into whatever stipulation this Court desires at this time to assure and guarantee that he will make such bid at such sale, securing his stipulation by the deposit in the registry of this Court of such reasonable amount in cash as this Court may deem proper."

There were no other objections to the confirmation of the sale, and acting solely on the promise of appellant, the sale was disapproved and a resale was ordered. The stipulation to guarantee the bid was not required to be given.

The vessel was again offered by the marshal on January 5, 1937. At this offering August Honerkamp bid up to $2,500 but no more and the vessel was again knocked down to A. E. J. Steves for $2,600. This was not enough to pay costs and the preferred claims of seamen in full, leaving nothing for the material men. On January 6, 1937, a petition was filed by the Steves Lumber & Building Company and other intervenors, appellees, mostly seamen, praying that the court grant a hearing and that

appellant be required to contribute the difference between the sum of $2,600, for which the barge was sold, and the sum of $4,000, the amount it represented its president would bid, together with costs and expenses occasioned by the delay. The court entered an order setting the matter down for hearing on January 9, 1937, and appellant and all other parties were given notice thereof in writing. Appellant answered the rule and alleged that the representation that August Honerkamp would bid not less than $4,000 was in good faith; that it was then his honest opinion that the vessel with its furniture was worth far more than that sum, which opinion was based upon a belief that the vessel had upon it the same furnishings and furniture which it had upon it when he had last been upon the vessel, this date was not stated, and that it was worth more than the sum of $4,000; that the day before the second sale, August Honerkamp went upon the vessel and then discovered for the first time that practically all the removable furnishings had been taken off her; that he advised the proctor for appellant on the morning of the sale that he was not willing to bid as much as he had previously indicated he would bid; that he was advised it would be necessary for him to bid enough more than the amount brought at the first sale to fully cover the cost of readvertising and selling the vessel; and that the statement that he would bid $4,000 was made on a mistake of fact. A hearing was had on the petition and answer, no evidence being taken. However, it appears from the statement of facts by the court that some furniture was removed from the vessel before her seizure but nothing was removed thereafter. The court reached the conclusion that it would be useless to again order the vessel resold, confirmed the sale and entered the decree appealed from, condemning appellant to contribute the sum of $1,400 to the fund, but not excluding it from participation in the entire fund thus created and not condemning it to pay the additional costs of sale. Thereafter appellant applied for a rehearing, supporting it by an affidavit of August Honerkamp. Neither the motion for rehearing nor the affidavit added anything material to the facts stated and relied upon in the answer to the rule.

By assignments of error and in argument appellant contends: (1) That the court was without jurisdiction because the suit was in rem, the judgment was in personam, and neither the libelant nor the respondent was a party to the rule; (2) that the judgment was void because there were neither pleadings nor evidence to support it; and (3) that because furniture and other property had been taken off the vessel after the libel was filed, appellant had a good and sufficient reason for not complying with its agreement to bid up to the sum of $4,000. No point is made as to the failure of the court to exact a stipulation guaranteeing the bid and clearly appellant could not complain as to this.

We are not advised of any controlling authority dealing with a state of facts similar to those shown in this case, but it is analogous to a case in which a bidder at a judicial sale has refused to comply with his bid. In Camden v. Mayhew, 129 U.S. 73, 9 S.Ct. 246, 32 L.Ed. 608, the property was sold by virtue of a decree in equity and the purchaser declined to comply with his bid. He was brought into court by rule in summary proceedings and compelled to do so. In The Kate Williams, 14 Fed.Cas. p. 148, No. 7,623, a vessel was sold in admiralty proceedings under a writ of venditioni exponas. The purchaser at the sale refused to comply with his bid on various technical grounds and also on the ground that apparel and furniture originally belonging to the boat had been removed before sale. He was brought into court on a rule for attachment for contempt in refusing to comply with his bid and compelled to comply with it, the court holding that the purchaser had made himself a party to the proceedings so as to render himself amenable to process of the court to compel obedience to its orders. This decision was rendered by Mr. Justice Brown when district judge, an eminent authority on admiralty, and has never been expressly or impliedly overruled. See, also, The President Arthur, 2 Cir., 18 F.2d 749; In re J. Jungmann, 2 Cir., 186 F. 302; 28 U.S.C.A. § 387.

Appellant does not dispute that its guarantee that its president would bid as much as $4,000, if the vessel should be resold, was its own offer to bid that amount. Indeed, that could not well be denied as the pleadings filed by it are not susceptible of any other reasonable construction. In fact, in the application for rehearing it was alleged "your petitioner's offer to bid $4,000.-00 on a resale of the vessel was made in good faith." Appellant was interested in having the fund out of which its claim might ultimately be paid increased to a sufficient amount to permit recovery. Had it

persisted in bidding, it is possible that that desirable result would have been accomplished. That certain furnishings had been taken off the boat was not a good excuse for receding from the agreement. The vessel had been in the custody of the marshal for more than six months before the offer to bid was made. Nothing was taken off the vessel, after she came into the marshal's custody. Appellant had ample opportunity to advise itself as to what would be sold before making its offer. To refuse to comply with the agreement was trifling with the court and seriously interfered with the due administration of justice. Considering the increased cost of keeping the boat and readvertising her, the increased amount bid at the last sale contributed very little to the fund to be distributed to interveners.

The contentions that the court was without jurisdiction because the libel was in rem and the proceeding against appellant was in personam and, further, that neither libelant nor respondent was a party to the rule and no evidence was taken, are clearly without merit. The proceeding on the rule did not affect the vessel. It was separate and distinct from the proceeding. in rem against her. Necessarily it was in personam. The practice in admiralty is well settled that where a libel is filed in rem against a vessel to enforce a lien, all persons claiming liens are obliged to intervene in the original proceeding. In fact, if separate libels are filed, they are usually consolidated for hearing in order to save costs and to enable the court to dispose of the case by one decree. Interveners have the same status as original libelants. Those filing the rule against appellant had standing in court to do so. It was not necessary that either libelant or respondent should have been made a party to the rule. The pleadings were sufficient and fully presented the issues. Appellant voluntarily appeared and filed an answer and had ample opportunity to present evidence if it so deserved. There was no need for evidence as the facts were admitted.

In cases such as this, courts of admiralty are not governed by the strict rules of the common law but act upon enlarged principles of equity. O'Brien v. Miller, 168 U.S. 287-297, 18 S.Ct. 140, 42 L.Ed. 469. Appellant's promise that a bid of $4,000 would be made by its president was equivalent to an actual bid made at the sale. There is no difference in principle between a case where a person induces a court to set aside a sale previously made and reoffer the property, on a promise that a bid of a certain amount will be made, and then refuses to make the bid, and a case where a bid is actually made and the bidder declines to comply with it. No one should be permitted to induce a court to act upon an express promise without paying a penalty for its breach.

The District Court had jurisdiction to enter the judgment appealed from and jurisdiction over appellant by proper proceedings. The judgment entered was equitable and right.

The record presents no reversible error. The judgment is affirmed.