CALLAWAY ICE & FUEL CO., Inc.,
Libelant,

v.

THE RUTHELINE, Her engines, tackle,
furniture, apparel, etc., and J. B. Ward,
as owner thereof, Respondent.

No. 190.

United States District Court
S. D. Texas, Brownsville Division.

May 6, 1955.

Crain, Muggley, Hardy & Colvin, San Benito, Tex., for libelant.

Cox, Wagner, Adams & Wilson, Chas. D. Kennedy, Brownsville, Tex., for J. H. Schmidt.

Tatum, Camp & Ball, Beaumont, Tex., for J. B. Ward, Fort Isabel, Tex., pro se.

ALLRED, District Judge.

Libelant filed this proceeding on February 17, 1955, asserting a maritime lien for furnishing ice, fuel and other necessaries to the Rutheline. Intervening libels were filed by J. H. Schmidt, R. E. Spriggs and Frank M. Taylor on March 1st, 11th and 14th, respectively, the last named based upon an alleged Preferred Ship's Mortgage securing payment of $8,071.11.

Meantime the Rutheline had been seized by the Marshal on February 19, 1955. On motion of libelant, on March 1, 1955, it was ordered to be sold on March 15, 1955. It was so sold for $4,750 to J. H. Schmidt and the proceeds were paid into the registry of the court. Upon motion of libelant the sale was duly confirmed.

On March 19, 1955, Schmidt, having taken possession of the vessel, filed an application for a temporary restraining order against Ward, the owner, alleging that a net, compass, generator, radio phone, fathom meter and 5 shrimp baskets had been removed from the vessel.

At a hearing held on March 28, 1955, Ward testified that he had removed these articles from the Rutheline on February 4, 1955, before the vessel was seized by the Marshal and had them at his home. He agreed to hold the property pending the further orders of the court.

Schmidt moves the court for an order declaring him to be the owner of the removed articles by virtue of his purchase of the Rutheline at the Marshal's sale; and, alternatively, that the court order such equipment sold and the proceeds thereof paid into the registry of the court. Libelant opposes the motion on the ground that the court has no jurisdiction since the articles were not seized by the Marshal; and because Schmidt purchased the Rutheline as she was and the rule of caveat emptor applies.

 The order of sale directed that "the said O/S Rutheline, Official Number 242756, her tackle, apparel and furniture be sold." The Marshal's return shows sale "of the M/V Rutheline, Official Number 242756, and all its motors, tackle and apparel within named." Admittedly the articles now involved were not on the vessel either at the time of seizure or sale. It can hardly be believed that Schmidt would purchase the vessel for $4,750 without inspecting her. Indeed he does not claim that he did not know that the articles were not on the vessel at the time. He simply contends that the equipment was a part of the vessel [1] and that the fact that they had been temporarily removed is of no importance.[2] The Marshal's sale was, however, a judicial sale and the rule of caveat emptor applies.[3] Schmidt had joined in the petition for sale of the vessel and did not oppose its confirmation. He had ample opportunity to inform himself and will not now be heard to secure for himself more than he purchased.[4] His motion that he be awarded title to the articles removed by Ward is denied.

The position of other libelants or claimants, however, is different. These articles as well as the vessel stand for debts which may be secured by maritime liens. This is clear from Admiralty Rule 9, 28 U.S.C.A., reading as follows:

"In all suits in rem against a ship, and/or her appurtenances if her appurtenances or any of them are in the possession or custody of any third person, the court shall, on due notice to such third person and after hearing, decree that the same be delivered into the custody of the marshal or other proper officer, if on hearing it appears that the same is required by law and justice."

 An order may be entered hereafter directing that they be delivered to the Marshal if it appears that it is necessary to discharge all liens. Libelant's motion that costs be assessed against Schmidt is denied.

The Clerk will notify counsel to submit an order accordingly. Meanwhile Ward is directed to hold such articles pending further orders of the court. The Clerk will furnish him with a copy of this memorandum.

1. 2 Benedict, 6th Ed., 119; U. S. v. Dewey [The Manila Prize Cases], 188 U.S. 254, 268, 23 S.Ct. 415, 47 L.Ed. 463.

2. Reed v. Weule, 9 Cir., 176 F. 660, 662; but there a chronometer, although not on the vessel at the time the vessel was sold, was expressly included in the sale and an order given to the possessor for its delivery.

3. The Monte Allegre, 9 Wheat. 616, 22 U. S. 616, 6 L.Ed. 174; Hall v. McGehee, 5 Cir., 37 F.2d 854, 855.

4. Cf. August Honerkamp Lumber Co. v. Steves Lumber & Building Co., 5 Cir., 95 F.2d 593.