## BAYNE et al. v. BREWER POTTERY CO. et al.

(Circuit Court, N. D. Ohio, W. D. December 21, 1898.)

JUDICIAL SALE—FAILURE TO COMPLETE BID—RESALE AT PURCHASER'S RISK—NOTICE.

A purchaser of property at a judicial sale, who fails to complete his bid, cannot be held for the difference between his bid and the price realized on a second sale, nor for the costs of such resale, unless he had notice that the second sale was to be made at his risk; and the fact that by his purchase he became a party to the record does not charge him with such notice, where there was no order that the sale should be so made.

In this case an order of sale of the property of the Brewer Pottery Company was issued, and the property, when first offered, was bid off by Albert Brewer, one of the defendants, for the sum of $49,000. A deposit of $5,000 was made to secure the sale. The sale was confirmed, but the purchaser, Brewer, failing to complete his bid, the deposit of $5,000 was declared forfeited; and the sale was set aside, and a new sale was ordered, after Brewer had filed a written statement that he would not complete his bid. At a subsequent sale the property was bid off by Samuel B. Sneath, trustee, for $36,075; and a motion was filed by the receiver for an order to compel Brewer to pay into court, for the use of creditors, the sum of $7,925, the difference between his bid and the amount of the second sale, after the deposit of $5,000 was credited thereon.

Hoyt, Dustin & Kelley, for complainants.

E. W. Tolerton and John K. Rohn, for Samuel B. Sneath, trustee.

RICKS, District Judge. Very able and full briefs have been filed by counsel in this case. It was eminently proper that counsel should give the questions involved very careful consideration, both because

they are questions not common to practice, and because of their importance to the parties concerned.

It is conceded that the orders made by the court on the report of the master's proceedings under the first order of sale are a correct presentation of the facts in the case. The main question to determine now is whether the purchaser was entitled to a notice that the second sale ordered was to be made at his risk, and whether in fact such an order was made, and communicated to him. I think it devolved upon the parties who intended to hold the purchaser liable for any deficiency between the bid under the first order of sale, and the amount for which the property sold under the second order of sale, to see that such purchaser had positive notice that the said second sale was made at his risk, both as to the extra costs caused thereby, and as to the deficiency between the two bids. It is contended on the one part that such an order was not necessary, as the purchaser was a party to the suit. There is no doubt about the fact that the bid made the purchaser a party to the proceedings, and that thereafter he was clearly under the jurisdiction of the court. This would probably make it unnecessary that he should have any further notice of the proceedings than any other party to the suit, but, as the record does not show any order of the court that the second sale should be made at his risk, the fact that he was obliged to take notice of what was in the record does not meet the contention. The proceedings in court did not, as a matter of fact, show that the second sale was to be at the purchaser's risk. I think this was a mistake, and cannot be cured. See Stuart v. Gray, 127 U. S. 527, 8 Sup. Ct. 1279; Camden v. Mayhew, 129 U. S. 73, 9 Sup. Ct. 246; 2 Daniell, Ch. Prac. (Last Ed.) p. *1282, note 2, and cases. We must concede the force of the contention that a purchaser is entitled to notice that the second sale of property, made because of his failure to complete his bid at the first sale, is to be at his risk. With such notice, he can attend the sale, prepared to protect himself by such proceedings as he is advised are proper. Without such notice, he might be wholly indifferent as to the result of the second sale, because, not having been notified that he had any risk in connection therewith, he might properly treat it as a matter in which he was not particularly concerned. I think the later authorities and practice sustain the proposition that, in order to hold him for a deficiency, he must have notice that the second sale was at his risk.