PRUDENTIAL INS. CO. OF AMERICA v.
LAND ESTATES, Inc.

In re CENTRAL COAL CO.

No. 406.

Circuit Court of Appeals, Second Circuit.
June 7, 1937.

Albert W. Fribourg, of New York City, for appellant.

William A. Shea, of New York City (Joseph Lapidus and Julius B. Sucher, both of New York City, of counsel), for defendant and for Superintendent of Insurance of New York.

Greenbaum, Wolff & Ernst, of New York City, and Stephen Callaghan, of New York City (Lawrence S. Greenbaum, Phillip F. Seigenfeld, Theodore S. Jaffin, and Benjamin Kaplan, all of New York City, of counsel), for ancillary receivers.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

An order entered approved a sale of property located in the borough of Brooklyn, city of New York, to the superintendent of insurance of the state of New York, as liquidator of the New York Title & Mortgage Company. The order appealed from denied an application to vacate the order of sale and to direct and require the receivers of Land Estates, Inc., to sell pursuant to 28 U.S.C.A. § 847. The Land Estates, Inc., is the wholly owned subsidiary of the New York Title & Mortgage Company and appellees have been appointed receivers. This corporation was used as an instrumentality to acquire and hold record title to various parcels of property which the New York Title & Mortgage Company was obliged to foreclose in satisfaction of its liens.

When the receivers were appointed for the Land Estates, Inc., the order enjoined and restrained the corporation from "selling, transferring * * * or in any manner interfering with any of the property, assets or effects of the defendant * * * or from in any manner * * * interfering with the possession or management of any part of the property over which the Receivers are hereby appointed. * * *" When the receivers took possession, the Land Estates, Inc., held the record title to the property here in question which it acquired in 1932 through foreclosure of the second mortgage. There was a first mortgage of $341,250, bearing interest at 6 per cent. held by the parent company, the New York Title & Mortgage Company, as mortgagee. There were arrears of interest. The liquidator advised the receivers that he would have no recourse but to foreclose the mortgage, but in lieu thereof offered to purchase the property "subject to all lettings, liens, encumbrances and arrears for the sum of $250." An order was accordingly entered modifying the injunction order so as to exclude this property from its operation and effect, and di-

rected the conveyance to the liquidator, in lieu of foreclosure of the mortgage, for $250. The present motion was made to vacate the described order.

██ It is not disputed that by this order burdensome and unprofitable property was released. The point raised by the appellant is that the proposed conveyance falls within the provisions of section 847 prescribing formalities in the case of judicial sales, and it argues that compliance with this statute is mandatory and the order entered invalid because it does not direct the formalities of a public sale as prescribed by the section. Section 847, 28 U.S.C.A., is limited in its application to judicial sales made under order or decree of the court and require confirmation by the court for their validity. Yazoo & M. V. Ry. Co. v. City of Clarksdale, 257 U.S. 10, 42 S.Ct. 27, 66 L.Ed. 104; Champion Box Co. v. Manatee Crate Co., 75 F.(2d) 340 (C.C.A. 5). A judicial sale is one made by the court through a duly appointed and commissioned officer, the essential element being that the court assumes the character of seller. In re Haywood Wagon Co., 219 F. 655 (C.C. A.2). This was not a judicial sale. Here power to dispose of the property, temporarily suspended because of the receivership, was restored to the company by reason of a court order lifting the injunction. The conveyance did not thus become a judicial sale.

Order affirmed.