**FIRST PENNSYLVANIA BANK, N.A., Plaintiff**

**v.**

**GLORIA LA VISCOUNT, Defendant**

## Civil No. 1648/1977
## Territorial Court of the Virgin Islands
### Div. of St. Croix at Christiansted
## October 6, 1978

WARNER ALEXANDER, ESQ., Christiansted, St. Croix, *for plaintiff*

MR. C. RICHARDS, Estate Welcome, St. Croix, *pro se*

SILVERLIGHT, *Judge*

On August 17, 1978, in a memorandum opinion and order, this Court refused to confirm the sale of certain real property to the second highest bidder at a marshal's sale after the highest bidder had defaulted on payment. Such acceptance of the second highest bid after default of the first bidder would have been permissible under Condition 5 of the terms of sale under which the marshal conducted the sale. This court, however, determined that Condition 5 was contrary to the statutory requirements of 5 V.I.C. § 484, 5 V.I.C. § 485, and 5 V.I.C. § 489(3) and (4). The Court construed those sections to require that the property,

after proper notice, again be put up for sale upon a default by the highest bidder. It held that at that resale, the statute provides the defaulting bidder's bid "shall be deemed to be renewed and continue in force, and no bid shall be taken except for a greater amount." 5 V.I.C. § 489(4).

Six days later, plaintiff filed a motion for reconsideration and rehearing. After due notice to all parties in interest, a hearing was held and, upon reconsideration, this Court concluded that while its legal reasoning was correct, the result obtained was erroneous and inequitable. A re-examination of 5 V.I.C. § 489 has led to the conclusion that that statute does not address itself to the situation in which the highest bidder defaults on his bid. There was, therefore, no impediment to the confirmation of the sale of the real property to the second highest bidder as provided in Condition 5 of the terms of sale.

■ Plaintiff comes before this Court relying on Rule 60 F.R.C.P. to support its motion for reconsideration. The Court may grant a Rule 60(b)(1) motion to correct its own erroneous ruling where, as in the instant case, the motion is made within the appropriate time period. This Court adopts the position taken by Judge Friendly of the Second Circuit that:

no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings, when the trial court is equally able to correct its decision in the light of new authority on application made within the time permitted for appeal.

Schildhaus v. Moe, 335 F.2d 529, 531 (2nd Cir. 1964); Sleek v. J. C. Penney Co., 292 F.2d 256 (3rd Cir. 1961); McDowell v. Celebrezze, 310 F.2d 43 (5th Cir. 1962); Wright & Miller, Federal Practice and Procedure: Civil, Section 2858 (Rule 60).

The facts are succinctly stated in the Court's memorandum opinion and order of August 17. Default judgment

of foreclosure was taken by plaintiff against defendant. After entry of the judgment of foreclosure and recordation of a writ of execution, notice of the foreclosure sale was duly advertised in the St. Croix Avis and, thereafter, the Territorial Marshal conducted a public auction sale, at which the terms of sale were posted and read to all present. The operative portions of the terms of sale provided:

2.

The purchase sum to be paid to the Marshal, ten percent (10%) cash or good negotiable check (certified) at the knock of the hammer, and the balance to be rendered to the Marshal within thirty (30) days of the sale in cash or by certified check.

5.

If the purchaser fails to furnish the required down payment, or in the event of other noncompliance with these conditions, or any one of them, the plaintiff is entitled to either place the property for sale at a public auction within fourteen (14) days after publication of notice in a newspaper of general circulation in this district; take legal steps for specific enforcement of the purchase sum and expenses, or accept the bid of the next higher bidder or successively lower bidders.

In each case, the plaintiff reserves its rights of indemnification for all losses and expenses resulting from the bidders' default.

At the sale, the subject property was struck off to a Mr. C. Richards, the highest bidder, for the sum of $27,200.00. In accordance with the conditions of sale, Richards deposited the sum of $2,720.00 (10% of the bid price) with the Marshal, committing himself to pay the balance of the price ($24,480.00) within 30 days after the date of sale. Richards failed to pay that balance, notwithstanding written demand by plaintiff, and plaintiff thereupon filed a motion for confirmation of sale, disbursement of Richards' deposit which it sought to have forfeited and paid over to the plaintiff, and to have plaintiff's bid of $27,101.71 (as second highest bid) accepted and confirmed in accordance with Condition 5 of the terms of sale. It was that motion that this Court heretofore denied and it is that denial

which is the basis for the present motion for reconsideration.

■ This case revolves around the construction of 5 V.I.C. § 489 titled, "Confirmation of Sale of Real Property." In its first opinion, the Court focused on only the last two sections of that statute, to wit: 5 V.I.C. § 489(3) and (4). This Court now sees that a less literal reading of 5 V.I.C. § 489 in its entirety is necessary. The "resale" referred to in the statute is addressed only to a resale ordered by the court after the judgment debtor files objections to confirmation and the Court concludes "that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting." 5 V.I.C. § 489(2).

■ The statute in issue seeks to protect the rights of a good faith purchaser at a void marshal's sale. It contemplates a situation in which such a prospective purchaser has paid the total amount of his bid and awaits confirmation of the sale, only to learn that the sale must be held again because of *procedural* irregularities. In that situation, it would be reasonable to hold a new sale and just to repay the "purchaser" at the first sale the amount of his bid.

■ A defaulting bidder cannot be a "purchaser" as envisioned in 5 V.I.C. § 489. A purchaser (in the context of judicial sales) means one who has made a completed purchase, and not a mere bidder who has forfeited his bid by failing to pay the amount he bid at auction. Herbst v. Land & Loan Co., 115 N.W. 119 (Wis. 1908) (Tax sale). Under this interpretation, a defaulting bidder would not be a "purchaser" under the statute and the ludicrous result of directing the clerk to repay "the amount of his bid" to the defaulter would be avoided. Considering that the terms of sale require only 10% to be paid immediately, it would not only be strange but literally ridiculous indeed

if the statute intended to award a defaulter a windfall of the "amount of his bid" rather than the amount actually paid in.

■■ Here it is not alleged that the sale was improperly conducted. On the contrary, the marshal was ordered to conduct the sale as required by law and he dutifully complied with 5 V.I.C. §§ 484 and 485 as to the proper notice and conduct of the auction. The establishment of the terms and conditions of the sale, so long as they did not violate any statutory requirement, were a matter within the discretion of the marshal, and the terms were posted and read to all bidders at the sale. Where the terms of sale provided for sale of the property to the highest bidder, or in the event of non-compliance with that bid to the second highest bidder, no new or further order of the court was necessary to authorize the marshal to so accept the second highest bid once the highest bidder had not complied with his bid. Cumbie v. Newberry, 159 S.E.2d 915 (S.C. 1968).

■ Furthermore, all persons bidding at the sale did so with knowledge of the conditions of sale. The successful highest bidder's rights and obligations were fixed by those conditions and by the court's order of sale. United States v. Branch Coal Corp., 390 F.2d 7 (3rd Cir. 1968). In the instant case, Condition 5 of the terms of sale stated that "the plaintiff reserves its rights of indemnification for all losses and expenses resulting from the bidder's default." Mr. C. Richards, as defaulting bidder, is thus liable for whatever losses and expenses resulted from his default. "A successful bidder, who subsequently defaults, will not be permitted to impinge upon the integrity of his contract with the court, especially when the bidder's subsequent loss is occasioned solely by his own fault." United States v. Branch Coal Corp., supra.

Accordingly, and upon reconsideration of the statutes and the applicable law in the area of judicial sales upon

execution, plaintiff's motion to confirm the sale of the real property in issue to the plaintiff as the second highest bidder for the sum of $27,101.71, the amount it bid at the marshal's sale, is granted.

That portion of plaintiff's motion which requests Richards' deposit of $2,720 be forfeited and paid over to plaintiff is denied. Plaintiff, under the terms and conditions of sale, is entitled to indemnification only for all losses and expenses resulting from the Richards default. There were no marshal's expenses involved in accepting the second bid, since no resale was held. However, Richards will be liable for the $98.29 disparity between his highest bid and the second highest bid finally accepted. G.A.C. Commercial Corp. v. Aurora Trucking Company, 404 F.2d 761 (6th Cir. 1968).

Likewise, Richards should bear the costs and attorneys' fees entailed in preparing plaintiff's amended return of sale reflecting the default, and the order confirming the subsequent sale to plaintiff.

The Court will determine what portion of Richards' $2,720 is to be repaid to him upon submission by plaintiff of a verified bill of costs and an affidavit of attorneys' fees in this action, specifying which portion is due to the loss occasioned by Richards' default.

### ORDER

In accordance with the Memorandum Opinion of even date herewith, it is

ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Confirmation of the sale of the foreclosed premises to plaintiff, as second highest bidder in the sum of $27,101.71, the highest bidder, Mr. C. Richards, having defaulted on his bid, be and the same hereby is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the amount of indemnification for all losses and expenses chargeable to the defaulting bidder, Mr. C. Richards, be fixed and determined by supplemental Order, upon submission of proof of such losses including costs and attorneys' fees by affidavit in accordance with the Estien v. Christian guidelines, and it is further

ORDERED, ADJUDGED AND DECREED that the deposit of the defaulting bidder, Mr. C. Richards, after deduction of the sum fixed and determined as indemnification for losses including costs and attorneys' fees, which sum shall be paid over to the plaintiff by the marshal, shall be refunded to the defaulting bidder, Mr. C. Richards, by the marshal.