Thomas O'BRIEN and Gene Hardy, Plaintiffs,

v.

Nick KELLY, in personam; and the FISHING VESSEL TUXEDNI, her engines, hull, tackle, and apparel, in rem, Defendants.

Laird B. PETERSON, Trustee of that certain Bankruptcy entitled In re Nick Melvin Kelly and Sharon Gayle Kelly, husband and wife, Debtor, Case No. 82–02298, in the United States Bankruptcy Court for the Western District of Washington, at Seattle, as Successor-In-Interest to Nick Melvin Kelly, Plaintiff,

v.

William H. OPEL, in his capacity as United States Marshal, and The United States Marshal Service, Defendants.

No. F80–021 Civ.

United States District Court, D. Alaska.

May 16, 1984.

Daniel E. Winfree, Perkins, Coie, Stone, Olsen & Williams, Anchorage, Alaska, H. Bixler Whiting, Fairbanks, Alaska, for plaintiffs.

Michael Spaan, U.S. Atty., Anchorage, Alaska, Mark C. Choate, Fairbanks, Alaska, Kurt LeDoux, LeDoux & LeDoux, Kodiak, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

THIS CAUSE comes before the court on the government's motion to dismiss Peterson's complaint. Originally, this cause, F80–021, was an action by plaintiffs O'Brien and Hardy against Kelly. In that original action judgment was entered against Kelly. Pursuant to that judgment O'Brien and Hardy had the U.S. Marshal levy and sell a certain lot belonging to Kelly. O'Brien and Hardy submitted the high bid at the execution sale through an agent and are now owners of that lot.

Around the time of the execution sale Kelly filed for bankruptcy. Peterson is the trustee in bankruptcy for the Kellys' bankruptcy estate and therefore Kelly's successor in interest to the lot. In an attempt to redeem the lot Peterson tendered a check to the U.S. Marshal, who declined to redeem the property without a judicial order.

The trustee, Peterson, filed an action in mandamus in cause A83–514 seeking to compel the U.S. Marshal to redeem the lot in question. *See* 28 U.S.C. § 1361. The government moved to intervene in cause F80–021. After that motion was granted, the Marshal placed the tendered funds in the registry of the court so that their disposition could be decided in an interpleader action. The government also moved to dismiss Peterson's mandamus action. To expedite resolution of this matter the court consolidated the two actions. The court now addresses the government's motion to dismiss.[1]

---

1. As an initial matter the court wishes to thank    Mr. Winfree for his unusually clear, cogent and

Plaintiff Peterson alleges that Fed.R. Civ.P. 69(a) requires this court to follow state procedures in executing judgments. Because the Alaska execution statute, Alaska Statutes ch. 9.35, allows redemption within one year of judicial confirmation, he argues the Marshal is required to follow those procedures and redeem the property upon proper application. *See id.* §§ 9.35.-210–250. The government and the purchasers at the sale, O'Brien and Hardy, argue that the Marshal's sale was a judicial sale, not an execution sale and, because federal law does not allow for redemption after judicial sales, no right of redemption exists. *See United States v. Heasley,* 283 F.2d 422, 427 (8th Cir.1960).

The Ninth Circuit in *Travelers Insurance Co. v. Lawrence,* 509 F.2d 83 (9th Cir.1974), distinguished judicial sales from execution sales.

> The distinction in this regard between judicial sales and the ordinary execution sales is well summarized in 47 Am.Jur.2d Judicial Sales § 3, p. 301 as follows:
>
> "The unique characteristics of a judicial sale, as that term is used in this article, would seem clearly to distinguish such sales from execution sales, which are not made pursuant to a judicial order or decree, but under final process, that is, by a writ, issued by the clerk of the court, which does not direct the sale of specifically designated property, does not describe the mode of sale, and does not impose conditions on the sale, but merely requires ministerial action by a designated officer to levy on property of a judgment debtor and sell it as prescribed by statute to satisfy a money judgment."

*Id.* at 89.

The circuit court found the following factors important in determining whether or not a sale is a judicial sale: (1) Was the writ issued by the clerk or was the sale made pursuant to judicial order; (2) Did the writ specify designated property; (3) Did a

court order or state statute govern the mode and conditions of sale; (4) Was a levy or seizure required before the court obtained jurisdiction over the property and the sale could occur; and (5) Was the sale merely to satisfy a money judgment? *See also Yazoo & Mississippi Valley R.R. v. City of Clarksdale,* 257 U.S. 10, 19, 42 S.Ct. 27, 29, 66 L.Ed. 104 (1921); *United States v. Branch Coal Corp.,* 390 F.2d 7, 9–10 (3d Cir.1968).

■ In this case all these factors indicate that the sale was an execution sale. The writ of execution was issued by the clerk and did not specify designated property. The sale was conducted following state statutory guidelines. *See* Memorandum in Support of Motion to Confirm Sale, October 1, 1982 (Docket # 106). Finally, levy was required before the property could be sold and the sale was to satisfy a money judgment unrelated to the property in issue. The fact that plaintiffs O'Brien and Hardy sought judicial confirmation as allowed by Alaska Statutes § 9.35.180 does not turn what would otherwise be an execution sale into a judicial sale. *Cf. Kasdon v. G.W. Zierden Landscaping Inc.,* 541 F.Supp. 991, 996 (D.Md.1982), *aff'd,* 707 F.2d 820 (4th Cir.1983). The court therefore finds that the sale in question was an execution sale.

■ The rule against allowing redemption only applies to judicial sales conducted pursuant to 28 U.S.C. §§ 2001 and 2002. *See Heasley,* 283 F.2d at 426–27. When there is an execution sale pursuant to Rule 69(a), that rule precludes the application of federal procedures for judicial sales. *Branch Coal,* 390 F.2d at 9; *Weir v. United States,* 339 F.2d 82, 86 (8th Cir.1964). Additionally, past federal courts presumed without addressing the issue that under Rule 69 or its predecessor statute redemption was available after a Marshal sold property in an execution sale. *See Weir,* 339 F.2d at 85; *Hilliard v. Sisil,* 192 F.2d

helpful brief.

800, 802–04 (9th Cir.1951) (receiver re-deemed property under circumstances similar to those present here).

Finally, allowing redemption will discourage collusive or undervalued bids at execution sales.[2] So long as the judgment debtor can redeem the property, he or she will be protected from having it sold at execution sales for less than fair market value. The court finds there is a strong public interest in encouraging high bids at execution sales.

■ The court finds that the Marshal has a clear and certain duty to redeem the property, assuming the requirements of the state redemption statute have been met. The duty of the Marshal to redeem is ministerial, not discretionary. Consequently, plaintiff Peterson's complaint, presents a valid claim for mandamus and the government's motion to dismiss must be denied. *See, e.g., Smith v. Grimm,* 534 F.2d 1346, 1352 (9th Cir.), *cert. denied,* 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976); *Jarrett v. Resor,* 426 F.2d 213, 216 (9th Cir.1970).

Finally, the court notes that in ruling on this motion to dismiss, it was required to rule on the merits of the mandamus claim and the interpleader action. Given this unusual procedural posture, the court finds it would be unfair to issue an order compelling the Marshal to redeem the lot in question without allowing parties to raise issues not decided by this opinion. Therefore, all parties shall have fifteen days from date of this order to show cause why this court should not compel the Marshal to redeem.

Accordingly, IT IS ORDERED:

(1) THAT the government's motion to dismiss is denied;

(2) THAT all parties shall have fifteen days from date of this order to show cause why this court should not compel the U.S. Marshal to redeem the lot in question.

2. In this case, plaintiffs' bid of $110 was the high bid at the execution sale of a lot worth considerably more than that.