# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 96-2173

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry D. Wiegman; Carla J. Wiegman; | * | |
| | * | |
| | * | |
| Defendants - Appellants, | * | |
| | * | |
| Bruce W. Van Zee, doing business as Riverside Animal Hospital; John C. Dean, Co-Executor of the Estate of Ray L. Thomas; Wade Rubey, Co-Executor of the Estate of Ray L. Thomas; Leon G. Wiegman; Edna H. Wiegman; Dwight A. Dittus, | * | Appeals from the United States District Court for the Southern District of Iowa. |
| Defendants. | * | |

———————

No. 96-3837

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| v. | * |
| | * |
| Larry D. Wiegman; Carla J. Wiegman; | * |
| | * |
| Defendants - Appellants, | * |

```
                                        *
Bruce W. Van Zee; John C. Dean,     *
Co-Executor of the Estate of        *
Ray L. Thomas; Wade Rubey,          *
Co-Executor of the Estate of        *
Ray L. Thomas; Leon G. Wiegman;     *
Edna H. Wiegman; Dwight A.          *
Dittus,                             *
                                        *
        Defendants.                 *
```

_____

Submitted: January 17, 1997

Filed: April 10, 1997
_____

Before MURPHY, JOHN R. GIBSON, Circuit Judges, and KYLE,[1]
    District Judge.
_____

JOHN R. GIBSON, Circuit Judge.


In these two appeals Larry and Carla Wiegman appeal from the district court's grant of summary judgment against them and its denial of their motion to set aside a foreclosure sale disposing of their farm. The Wiegmans argue that summary judgment was improper because the plaintiff, the Farmers Home Administration, failed to follow its own regulations in calling the Wiegmans' loans. The Wiegmans also contend that, once having obtained a judgment of foreclosure, the government failed to give the Wiegmans the necessary personal notice before the foreclosure sale. Therefore, the Wiegmans argue, the district court should have set aside the sale. We reverse and remand.

The Wiegmans borrowed money from the Farmers Home

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Administration and gave mortgages on their farm as security for the loans. The Wiegmans defaulted on their loan agreements, and so received a notice from the Farmers Home Administration of their right to participate in primary loan servicing, a restructuring option designed to keep debtor farmers on their land while minimizing the cost to the taxpayers. The Wiegmans applied for primary servicing, but the Farmers Home Administration sent them a Notice of Intent to Accelerate their loan, stating that the Farmers Home Administration had determined that they were not eligible for the debt restructuring because even with restructuring they would not have enough money to pay their loan off. The Farmers Home Administration had therefore decided to foreclose. The notice advised the Wiegmans of their statutory rights and options, and of the time limits for exercising the various options. See generally 7 C.F.R. §§ 1951.901-.950 (1996).

The Wiegmans had fifteen days from the receipt of the notice to request a meeting with a Farmers Home Administration county official, or thirty days to appeal the denial of their primary loan servicing request. On December 22, 1992, the twenty-ninth day after receipt of the notice, the Wiegmans' attorney returned the response form to the Farmers Home Administration, inadvertently marking an X in the box asking for a meeting, rather than the box asking for an appeal hearing, as he intended. By the time Wiegmans' attorney learned of his mistake, the thirty-day time limit to request an appeal had expired.

On January 8, the attorney filed an amended form with the appeal box checked, together with a letter explaining that the failure to check the appeal box the first time was an oversight, caused by the rush to get too much work done before Christmas. He asked the Farmers Home Administration to consider the request for

appeal timely in accordance with 7 C.F.R. § 1900.56(a)(1) (1992), which allowed an appeal to proceed despite a late request if the delay was "beyond the appellant's control or for other good reasons as determined by the Area Supervisor."

On January 27, 1993 the Area Supervisor wrote, stating that the Wiegmans' appeal would not be considered because it was late. The Area Supervisor stated: "<u>If the reason for not responding within 30 days was outside your control, please advise this office of the circumstances, and your request will be reconsidered. Any request for reconsideration should be accompanied with written documentation substantiating the circumstances that were beyond your control</u>." (Emphasis in original).

The Wiegmans' attorney responded by letter, arguing that the mistake was beyond the Wiegmans' control. He also pointed out that the Area Supervisor had not addressed the clause in section 1900.56(a)(1) allowing the Area Supervisor to consider a late appeal timely if there was "other good cause." The Area Supervisor reconsidered the Wiegmans' request to appeal, and again denied it, saying: "The appellant's appeal request is deemed untimely absent a valid, documented reason, beyond his control for the late request." The Area Supervisor did not address the Wiegmans' argument that the Area Supervisor could consider an appeal timely if there were "other good cause" for the delay.

The government then notified the Wiegmans that they could apply for preservation loan servicing, an option to lease or buy back the farm. The Wiegmans applied for preservation loan servicing, but the government denied their application because it concluded they could not make the lease or buyout payments.

The government brought suit in the Southern District of Iowa, where the land was located, to foreclose on the mortgages. The Wiegmans appeared in the case by their attorney. The government moved for summary judgment, which the Wiegmans opposed on the ground that the government had failed to consider their request for an appeal in accordance with section 1900.56(a)(1).

The district court rejected the Wiegmans' argument about section 1900.56(a)(1) reasoning that an agency is entitled to substantial deference when interpreting its own regulation.

The court entered a judgment and decree of foreclosure providing:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that the plaintiff's mortgages be and the same are hereby foreclosed and that a Writ of Special Execution shall issue against the following real property situated in Mills County, Iowa, to-wit: [legal description of the Wiegmans' farm]. And under the Writ of Special Execution the United States Marshal for the Southern District of Iowa or her representative is commanded to sell for cash, subject to any unpaid real property taxes or special assessments, the real property in aid and enforcement of the claim, right, and judgment of the plaintiff, and the defendant is forever barred and foreclosed from having or claiming any right, title or interest in the real property pursuant to federal law.

The government published notice in a local newspaper, as required for a judicial sale under 28 U.S.C. §§ 2001-02. The government did not send personal notice to the Wiegmans, as would be required for an execution sale under Federal Rule of Civil Procedure 69(a), which incorporates Iowa law by reference. As provided in the order, the government filed a praecipe for a Writ of Execution, the clerk issued the writ, and the marshal sold the property.

After the sale, the Wiegmans moved to set the sale aside, arguing that the publication notice was inadequate under Iowa law and the Due Process Clause of the Constitution.  The district court denied the motion to set aside the sale.

# I.

The Wiegmans argue that the Farmers Home Administration's Area Supervisor did not properly apply 7 C.F.R. § 1900.56(a)(1) in denying them relief, because he simply ignored the "other good cause" provision in the regulation.  The government argues that we must defer to an agency's interpretation of its regulations.

After the events at issue here, the regulations governing adverse decisions and administrative appeals, including section 1900.56, were revised.  See 60 Fed. Reg. 67,318-19 (1995) (effective January 16, 1996).  Although the Wiegmans note the change, they rely on the old regulation, and the government does not argue that the new regulation applies.  We take this as an admission that the old regulation applies.

In holding that the Area Supervisor had not violated section 1900.56(a)(1), the district court quoted Stinson v. United States, 508 U.S. 36 (1993), which said: "[P]rovided an agency's interpretation of its own regulation does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'"  Id. at 45 (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)).  That quotation covers this case precisely, since the Area Supervisor's letters indicate that he made his decision in a manner plainly inconsistent with the regulation he was supposed to be interpreting.

Both of the Area Supervisor's letters indicate that it was necessary for the Wiegmans to show that the lateness of their request was beyond their control (e.g., "Any request for reconsideration should be accompanied with written documentation substantiating the circumstances that were beyond your control"; "The appellant's appeal request is deemed untimely absent a valid, documented reason, beyond his control for the late request.") The letters gave no consideration to the good cause provision, despite the Wiegmans' attorney's explicit observation that the agency had not yet addressed the good cause provision and his request that the agency do so. Section 1900.56(a)(1) gave two possible bases for relief and made those bases disjunctive. The Area Supervisor's letters make one of those bases a sine qua non. This is plainly inconsistent with the regulation. We therefore reverse the district court's grant of summary judgment.[2]

## II.

The Wiegmans argue that the sale was defective because it was not conducted in accordance with Rule 69(a), which incorporates Iowa law, including a personal notice requirement. See Iowa Code § 626.78 (1985); Iowa R. Civ. P. 56.1(a). The government asserts that Rule 69(a) governs only execution sales, whereas the foreclosure sale here was a judicial sale, governed by 28 U.S.C. §§ 2001-02, rather than Rule 69(a).[3] Sections 2001-02 do not

---

[2]The government also argues that it afforded the Wiegmans the proper procedures for preservation loan servicing. This does not change the fact that the government denied them the full benefit of the primary loan servicing procedures to which they were also entitled.

[3]The Wiegmans further argue that even if the sale was a judicial sale subject to sections 2001-02, rather than Rule 69(a), state law notice provisions that are consistent with federal policy should be incorporated into federal law. See Travelers Ins. Co. v. Lawrence, 509 F.2d 83, 94 (9th Cir. 1974) (Sneed, J., dissenting); see generally United States v. Kimbell Foods, Inc., 440 U.S. 715, 740 (1979). Because of our disposition of this case, we need not decide either this question or the Wiegmans' due process arguments.

incorporate state law.

In <u>Weir v. United States</u>, 339 F.2d 82, 85 (8th Cir. 1964), this court distinguished between execution sales, "'which issue by mere praecipe of the judgment creditor . . . and only come under judicial supervision on complaint of either party,'" and judicial sales, "made under order or decree of the court and requiring confirmation by the court for their validity." <u>Id.</u> (quoting <u>Yazoo & M.V.R. Co. v. Clarksdale</u>, 257 U.S. 10, 19 (1921)).

In <u>Weir</u> we held that an execution sale was not subject to the requirements of 28 U.S.C. § 2001-02; we stated that sections 2001-02 only governed judicial sales. <u>See</u> <u>id.</u> Conversely, in <u>United States v. Branch Coal Corp.</u>, 390 F.2d 7, 10 (3d Cir.), <u>cert. denied</u>, 391 U.S. 966 (1968), the Third Circuit held that a judicial sale is not governed by Rule 69(a). <u>Accord</u> <u>United States v. Petty Motor Co.</u>, 767 F.2d 712, 715 (10th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1056 (1986).

The sale in this case appears to be a hybrid between the classic judicial sale described in <u>Weir</u>, 339 F.2d at 85, and an execution sale. The sale was ordered by the court in a foreclosure proceeding, not chosen unilaterally by a judgment creditor as one of the many possible avenues for collecting a money judgment against the debtor. However, the order did not, on its face, require confirmation, and it did require the government to obtain a writ of execution. <u>Cf.</u> <u>Branch Coal</u>, 390 F.2d at 9 n.2 (judicial sale where, though writ of execution issued, marshal actually sold

-8-

property pursuant to court order); <u>Travelers Ins. Co. v. Lawrence</u>, 509 F.2d 83, 90 (9th Cir. 1974) (despite issuance of writ, foreclosure sale was a judicial sale).

Because we have held that the government failed to follow its regulations in calling the Wiegmans' loans, the sale must be set aside in any case. It is therefore unnecessary that we determine the nature of the sale. However, the government would do well to avoid a recurrence of this issue if there is occasion for another sale in this matter.

We reverse the summary judgment and the denial of the motion to set aside the sale.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.