**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-1730 & 22-2192
_____

UNITED STATES OF AMERICA

v.

EDWIN H. ZIMMERMAN, IN HIS PERSONAL CAPACITY
AND AS TRUSTEE OF THE SUNNY SIDE FAMILY TRUST,
THE WEMER TRUST, AND THE HINKLEVILLE HOLDINGS TRUST;
ESTHER ZIMMERMAN, IN HER PERSONAL CAPACITY
AND AS TRUSTEE OF THE SUNNY SIDE FAMILY TRUST,
THE WEMER TRUST, AND THE HINKLEVILLE HOLDINGS TRUST;
WEMER FAMILY TRUST; HINKLEVILLE HOLDINGS TRUST;
SUNNY SIDE FAMILY TRUST; KEYSTONE CONCRETE PRODUCTS, INC.;
PHILLIP WOLLMAN; DOUG MCCONKEY; HAROLD MILLER; ERLA SEIBEL;
WILMER N. ZIMMERMAN; RUTH ANN BURKHOLDER;
EDWIN N. ZIMMERMAN, JR.; PENNSYLVANIA DEPARTMENT OF REVENUE;
LINDA KING; THOMAS J. REEVE

Edwin H. Zimmerman; Wilmer N. Zimmerman,
                                        Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-18-cv-04875)
District Judge:  Honorable John M. Gallagher

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2023
Before:  KRAUSE, SCIRICA, and AMBRO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 11, 2023)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellants Edwin and Wilmer Zimmerman ("Appellants") appeal from orders of the United States District Court for the Eastern District of Pennsylvania granting summary judgment in favor of Appellee the United States of America and ordering the sale of real property. For the following reasons, we will affirm the orders of the District Court.

I.

In 2018, the United States brought an action to collect unpaid taxes against Edwin Zimmerman, his wife Esther (who is now deceased), and the WEMER Family Trust. Other defendants included Wilmer Zimmerman and other persons and entities that might claim interests in the real property that would be used to satisfy the debt. After obtaining counsel, Edwin and Esther Zimmerman and the WEMER Family Trust stipulated that they did not file tax returns or pay federal income taxes from 2002 to 2005 despite earning income throughout that period. See ECF No. 90 at 1. They also, in the same stipulated order entered by the District Court, waived "any and all defenses" to the complaint, except, among other things, that the subject tax assessments were procedurally invalid. Id. at 4.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Government thereafter moved for summary judgment against Edwin and Esther Zimmerman, the WEMER Family Trust, and Wilmer Zimmerman. Its motion was tailored to the stipulation order and addressed the issues that had not been waived. The District Court granted the motion and subsequently entered an order of sale foreclosing on the Government's tax liens and authorizing the sale of real property to satisfy the tax debt. Appellants filed appeals of the order granting summary judgment and the order of sale, which have been consolidated.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's grant of summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

## III.

First, Appellants contend that the District Court lacked jurisdiction over the action because the Government did not produce proof of compliance with 26 U.S.C. § 7401, which bars any action for the collection or recovery of taxes unless "the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." The District Court ruled that Appellants had waived the

---

[1] The District Court also entered default or other judgments against the other defendants; those rulings are not at issue.

[2] Although Appellants' notice of appeal of the order granting summary judgment was premature, it ripened after the District Court issued the order of sale, which was a final order for purposes of § 1291. See Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983).

issue of authorization by not preserving it in the stipulation, and noted that it appeared that the suit was authorized. Appellants contend that the District Court erred because jurisdictional requirements cannot be waived.

Assuming without deciding that § 7401 is jurisdictional, we reject Appellants' contention that the action was not authorized because the Government produced sworn affidavits by counsel stating that it was properly authorized. See ECF No. 98. In arguing to the contrary, Appellants have pointed only to a lack of an "authorization document." It is unclear to what Appellants are referring, but in any event, the affidavits produced by the Government are, under the circumstances of this case, sufficient to show authorization. See Palmer v. IRS, 116 F.3d 1309, 1311 (9th Cir. 1997).[3]

Appellants also contend that the District Court's judgment improperly imposed liability on Edwin and Esther Zimmerman and the WEMER Family Trust for a single tax debt. Appellants essentially challenge the Government's issuance of "whipsaw" assessments, which are assessments of a tax against more than one taxpayer to protect the Government when taxpayers disclaim liability. See Gerardo v. Comm'r, 552 F.2d 549, 555 (3d Cir. 1977). Such assessments are generally permissible because the tax will be collected only once. See id. at 556.

---

[3] Given that the parties agreed to narrow the scope of litigation to the issues in the stipulation, and this issue was raised for the first time in response to the Government's motion for summary judgment, the District Court did not err in allowing the Government to submit evidence of authorization as part of its reply to Appellants' opposition to summary judgment.

4

This claim, which appears to pertain to Edwin and not Wilmer Zimmerman, has been waived. "Waiver is the intentional abandonment of an argument." Simko v. U.S. Steel Corp, 992 F.3d 198, 205 (3d Cir. 2021). Here, Edwin and Esther Zimmerman and the Trust stipulated that the assessments were substantively accurate and that "any income attributable to WEMER Family Trust, Esther Zimmerman, or Edwin Zimmerman is properly attributable as income to all three." ECF No. 90 at 2. They also stipulated that the net proceeds of the sale of the real property would be paid to the United States "until the unpaid balance of the judgments arising from the 2002-2005 federal income tax assessments against Esther Zimmerman, Edwin Zimmerman, and WEMER Family Trust are fully satisfied (*recognizing that the United States cannot collect federal income tax assessed on the same income more than once . . .*)." Id. at 5 (emphasis added). Edwin Zimmerman accordingly waived this argument by intentionally assenting to the accuracy of the assessments and the manner of their collection in the stipulated order. See Wegbreit v. Comm'r, 21 F.4th 959, 963-64 (7th Cir. 2021) (stating that issues stipulated to in collection action were waived).[4]

Next, Appellants contend that the District Court's appointment of the Property Appraisal and Liquidation Specialists ("PALS") of the IRS to conduct the sale of the property was improper under Federal Rule of Civil Procedure 53. Rule 53, which governs the district courts' ability to appoint a master, is inapplicable here. Rather,

---

[4] Even if this issue is not waived, it is without merit in light of the Government's stipulation that it cannot collect federal income tax assessed on the same income more than once. See Gerardo, 552 F.2d at 556.

pursuant to 26 U.S.C. § 7403, a district court adjudicating the merits of tax liens on a property "may decree a sale of such property, by the proper officer of the court." See § 7403(c). The Government states that PALS is routinely used to conduct judicial sales, see, e.g., United States v. Davis, 815 F.3d 253, 255 (6th Cir. 2016), and Appellants do not argue that the order of sale does not comply with § 7403(c). This contention is accordingly without merit.

Appellants also contend that the order of sale improperly granted injunctive relief by directing Edwin Zimmerman to maintain the property so as to not commit waste and directing all persons to vacate the property within 90 days of its entry. As noted, the District Court had authority pursuant to 26 U.S.C. § 7403 to decree a sale of the property, and along with that authority, had the discretion to set the terms and conditions of the sale. See United States v. Branch Coal Corp., 390 F.2d 7, 10 (3d Cir. 1968); see also United States v. Rodgers, 461 U.S. 677, 708-709 (1983). Because conditions of a sale can include the timeline for vacating the property and the maintenance of the property pending the sale, the District Court acted within its authorized discretion in including such provisions in its order of sale.

Finally, by failing to raise them in court, Appellants forfeited their arguments that the interference with the property constituted an unreasonable seizure and a violation of due process, and they have not identified any "exceptional circumstances" warranting our review. See Barna v. Bd. of Sch. Dirs. of the Panther Valley Sch. Distr., 877 F.3d 136, 145 (3d Cir. 2017) (citation omitted).

We will accordingly affirm the District Court's judgments.[5]

---

[5] We take no action upon Doug McConkey's letter filed in this Court, as a request to modify the order of sale must be filed in the District Court.