**PATTERSON**

v.

**LUMBARD, U. S. Atty., et al.**

United States District Court
S. D. New York.
July 7, 1954.

Reuben Terris, New York City, for relator.

J. Edward Lumbard, U. S. Atty., New York City, Richard Owen, Asst. U. S. Atty., New York City, of counsel, for U. S.

WEINFELD, District Judge.

The relator, detained under an order issued by Judge John F. X. McGohey for his commitment based upon relator's wilful and deliberate refusal to comply with the direction of this Court for the production of certain books and records, seeks his release upon a writ of habeas corpus. The order of Judge McGohey was issued on July 1, 1954, and on the same date petitioner surrendered to the marshal.[1] Petitioner now contends that he was entitled to an automatic ten day stay of the execution of Judge McGohey's order under Rule 62(a) of the Federal Rules of Civil Procedure, which provides that no execution shall issue on a judgment until the expiration of ten days after its entry. He also relies upon Rule 54(a) of the Federal Rules of Civil Procedure, which defines "judgment" as used in the Rules to include "a decree and any order from which an appeal lies." It is conceded that an appeal lies from the order entered herein and such an appeal is now pending.

While the question of Rule 62(a)'s applicability to civil contempt proceedings has not previously been adjudicated in this circuit, the point has been determined by the Sixth Circuit Court of Appeals. In re Manufacturers Trading Corp., 6 Cir., 194 F.2d 948, 957. There, the Court held that contempt proceedings are sui generis, being "in their nature summary; swift in execution; and their efficiency depends upon their summary character." The Court continued:

"It is not conceivable that it was the intent to destroy the very essence of their nature, by the Federal Rules of Civil Procedure. If everytime a witness, being of the opinion that an examination before the court was illegal, or burdensome, or oppressive, refused to answer a

---

[1] On the return of the settlement of the order, the relator submitted a counter proposed order which contained a ten day stay provision but Judge McGohey signed the Government's order, which contained no such stay provision.

question, and upon an order adjudging him guilty of contempt and remanding him to jail, became entitled to an automatic stay of ten days before the order could be enforced, contempt proceedings would lose all of their inherent quality and efficiency; and unless it clearly appears that such was the intent of the Federal Rules of Civil Procedure, they can not be so construed." Id., 194 F.2d at page 957.

This Court finds the reasoning of In re Manufacturers Trading Corp., supra, persuasive. Accordingly, the writ is dismissed.

Settle order on notice.