Marie Baucum SCOTT, Appellant,

v.

HUNT OIL COMPANY et al., Appellees.

No. 25415.

United States Court of Appeals
Fifth Circuit.

July 24, 1968.

Marie Baucum Scott, Bossier City, La., pro se.

Robert U. Goodman, Asst. Atty. Gen. of Louisiana, Shreveport, La., Jack P. F. Gremillion, Atty. Gen., of counsel, for Supreme Court of Louisiana, Second Circuit Court of Appeal of Louisiana and P. E. Brown, Judge, Second Judicial District Court of Louisiana.

J. R. Goff, Arcadia, La., Goff & Caskey, Arcadia, La., of counsel, for Hunt Oil Co., Placid Oil Co., Caroline Hunt Sands and Haroldson L. Hunt, Jr. Trust Estate. Robert Roberts, III, Shreveport, La., Blanchard, Walker, O'Quin & Roberts, Shreveport, La., of counsel, for General American Oil Co. of Texas.

Before JOHN R. BROWN, Chief Judge, DYER, Circuit Judge and GARZA, District Judge.

PER CURIAM:

Appellant, Mrs. Marie Baucum Scott, now under a sentence of civil contempt for violating an order of the District Court, appeals *pro se* contending that the Court below erred in ordering her to dismiss with prejudice a suit now pending in the State Courts of Louisiana as a condition for purging herself of contempt. We affirm.

In December of 1965 the District Court entered an order enjoining and

prohibiting Appellant from instituting any further legal proceedings arising from Appellants' alleged ownership of the mineral interest in a tract of land in Louisiana. No appeal was taken from this order[1] and the time for appeal has long since passed. On May 22, 1967, Appellant filed a petition in a State Court of Louisiana against the same parties as the Appellees in this suit. In response, Appellees moved the District Court to find that this Louisiana proceeding constituted a violation of the December, 1965, injunction. After a hearing, the District Judge found that the suit was a violation of his earlier order. Appellant was found to be in civil contempt and the Judge entered a judgment ordering Appellant either to dismiss the state court suit within 10 days or pay a fine of $5.00 a day thereafter.

In September, 1967, Appellees returned to the Federal District Court and showed that Appellant had neither dismissed the Louisiana suit nor paid the fine imposed. The District Judge found that Appellant had not complied with his earlier order and that she had no intention of doing so. He then directed her imprisonment for six months or until such time as she dismissed the suit pending in the state court. The present appeal is taken from that order.

■ Appellant has raised several points of error, all of which are foreclosed to further consideration because of final judgments, not appealed, entered in prior suits. There is no longer any doubt that the District Judge, to relieve Appellees of harassing and vexing litigation, had the power to enjoin Appellant from filing suits in the state courts "to protect or effectuate its judgments". 28 U.S.C.A. § 2283. See T. Smith & Son, Inc. v. Williams, 5 Cir., 1960, 275 F.2d 397; Jacksonville Blow Pipe Co. v. R.F.C., 5 Cir., 1957, 244 F.2d 394; Jackson v. Carter Oil Co., 10 Cir., 1950, 179 F.2d 524, cert. denied, 340 U.S. 812, 71 S.Ct. 39, 95 L.Ed. 597; Wright, Federal Courts § 47 (1963). Thus the only remaining question is whether the sentence of conditional imprisonment against Appellant was proper in this case.

■■ We find that it was. Courts for centuries have possessed the inherent power to enforce their lawful decrees through the use of coercive sanctions in civil contempt proceedings. Although the order spoke in terms of imprisonment which is characteristic of punishment, and hence a criminal sanction, it was tied to compliance which made it a civil, not a criminal, contempt order. Shillitani v. United States, 1966, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622; Clark v. Boynton, 5 Cir., 1966, 362 F.2d 992. The record here reveals a clear disregard of the District Court's order and injunction against filing new suits in the state courts. Also Appellant has the keys to her own prison in her pocket for she has only to obey the injunction and dismiss the state suit to purge herself of contempt. Shillitani v. United States, supra; Clark v. Boynton, supra. Under the circumstances the District Judge properly exercised his discretion.

Litigation must come to an end and the victors are entitled to the fruits of that victory. And the losers must abide the loss.

Affirmed.

---

[1]. Appellant has, however, petitioned this Court twice since that order was entered seeking writs of mandamus against the District Judge. Both writs were denied in unreported orders. See Nos. 23405 (February 21, 1966) and 24462 (March 9, 1967). Appellant also moved for leave to file a mandamus in the Supreme Court but this too was denied. See Scott v. Dawkins, 1967, 385 U.S. 999, 87 S.Ct. 749, 17 L.Ed.2d 559.