**MERIDIAN INVESTING & DEVELOPMENT CORPORATION,**
Plaintiff–Appellant,

v.

**SUNCOAST HIGHLAND CORPORATION,**
Defendant–Appellee.

No. 80–5086
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B.

Oct. 14, 1980.

Rehearing and Rehearing En Banc Denied Nov. 10, 1980.

Taub & Williams, Robert V. Williams, Gregory E. Mierzwinski, Tampa, Fla., for plaintiff–appellant.

Whitson & Whitson, Edmund S. Whitson, Jr., Clearwater, Fla., for defendant–appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This is an appeal from the denial of motions for preliminary and permanent injunctions filed by Meridian Investing & Development Corporation against Suncoast Highland Corporation.

The controversy stems from Meridian's attempts to collect on a federal court judgment. Meridian is a Delaware corporation having its principal place of business in New York. Suncoast is a Florida corporation having its principal place of business in Florida. In May 1976, Suncoast made and delivered to Meridian a promissory note. In August 1977, Meridian brought suit against Suncoast in the United States District Court for the Southern District of New York alleging that Suncoast was in default. No question was (or has been) raised as to the Southern District's jurisdiction. Suncoast appeared, defended itself against Meridian's claims, and lost. In July 1979, the district court granted summary judgment to Meridian and entered a judgment in Meridian's favor in the amount of over $200,000. In August 1979, Meridian filed suit in Florida circuit court seeking to reduce the judgment to a state court judgment for the purpose of instituting immediate collection procedures through the Florida court system, and seeking immediate judicial action to prevent Suncoast from dissipating its assets before Meridian could collect. In September 1979, when the time for appeal of the New York federal court judgment had expired with no notice of appeal having been filed by Suncoast, Meridian registered the judgment in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1963 [1] and initiated federal proceedings to collect. On Suncoast's motion, the Florida circuit court enjoined Meridian from so proceeding.[2] Meridian sought relief from this

1. 28 U.S.C. § 1963 provides as follows:

> A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.

2. The state court's order provided as follows:

> Plaintiff, MERIDIAN INVESTING & DEVELOPMENT CORPORATION, is hereby tempo-

injunction (1) by filing a motion in state court for its dissolution and (2) by filing a motion in the Middle District of Florida for a preliminary and permanent injunction. In December 1979, the federal district court denied the motion on the ground that "since the jurisdiction of the Pinel[l]as County Circuit Court first attached, [this] Court is precluded from exercising its jurisdiction over the same property so as to defeat or impair the state court's injunction."[3] Meridian filed a notice of appeal. In March 1980, the state court denied Meridian's motion to dissolve its injunction and also denied Meridian's motions to strike and dismiss challenges to the validity of the New York federal court judgment that had been pled by Suncoast as affirmative defenses to Meridian's state court complaint. Following the state court's action, Meridian renewed its motion in the Middle District of Florida for a preliminary and permanent injunction. The motion was again denied and Meridian filed another notice of appeal. The two appeals have been consolidated for our consideration here.

 Meridian first contends that the district court erred in failing to issue the injunction Meridian requested directing Suncoast to cause the dissolution of the Florida state court injunction. This contention has merit. It is settled law that state courts have no authority to bar—by injunction or otherwise—the prosecution of *in personam* actions in federal courts. As the Supreme Court stated in *General Atomic Co. v. Felter*, 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977), "the rights conferred by Congress to bring *in personam* actions in federal courts are not subject to abridgment by state–court injunctions . . . .," 434 U.S. at 17, 98 S.Ct. at 78. *See also Donovan v. Dallas*, 377 U.S. 408, 412–13, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964). Meridian's federal court action was an action *in personam*. *See, e. g., Byrd–Frost, Inc. v. Elder*, 93 F.2d 30, 32–33 (5th Cir. 1937), *cert. denied*, 303 U.S. 647, 58 S.Ct. 646, 82 L.Ed. 1108 (1938). *See generally* 1 Am.Jur.2d *Actions* §§ 39–41 (2d ed. 1962).[4] Thus the district court should have issued the requested relief. *See, e. g., Ermentrout v. Commonwealth Oil Company*, 220 F.2d 527, 530 (5th Cir. 1955) ("federal court may not abdicate its authority or duty in favor of the state jurisdiction"). The district court's contrary decision evidenced a belief that a pending state court action to enforce a federal court judgment precludes supplementary proceedings in aid of execution in federal court. Such is not the case. *See* 12 Wright & Miller, Federal Practice and Procedure § 3013 (1973). Indeed, in cases such as this one, in which execution of the federal court

---

**3.** *See Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1935):

> if the two suits are in rem or quasi in rem, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. . . . . the rarily enjoined and restrained from making any efforts or taking any further actions to enforce, within the State of Florida, that certain judgment entered in the U. S. District Court, Southern District of New York, Civil Action No. 77 Civil 4148 (MJL), and docketed in the U. S. District Court for the Middle District of Florida, Tampa Division, as Case No. 79–970–1/2 Civil T–WC, and the Plaintiff is enjoined and required to take such actions as may be requisite or appropriate to return the judgment made the subject of its Complaint herein to its status as it existed upon the filing of the Complaint in this cause.

> principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.

294 U.S. at 195, 55 S.Ct. at 389 (citations omitted); *Kline v. Burke Construction Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922).

**4.** For this reason, the principle governing conflicting *in rem* actions that was relied on by the district court, *see* note 3, *supra*, is inapposite here even assuming that Meridian's state court action was properly characterized as an action *in rem* or *quasi in rem*, which we doubt. *See* 1A Moore's Federal Practice ¶ 0.222 (2d ed. 1979). *See also* Restatement of Judgments, Introductory Note to Chapter 1 (1942) (differentiating proceedings *in personam, in rem* and *quasi in rem*); *Griffin v. Zinn*, 318 So.2d 151, 152–54 (Fla.Dist.Ct.App.1975) (identifying certain constitutional prerequisites to invocation of court's *quasi in rem* jurisdiction).

judgment is pursued through registration in another federal district court, *see* 28 U.S.C. § 1963, *quoted in* note 1, *supra*, the filing of concurrent state and federal suits may be the judgment creditor's only effective course of action.[5]

■ Meridian also contends that the district court erred in failing to grant its motion to enjoin Suncoast from relitigating the validity of the New York federal court judgment in Florida state court. This contention also has merit. The law is well settled that "federal courts may enjoin the relitigation in state court of issues that federal courts have fully and finally adjudicated." *International Association of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 130 (5th Cir. 1975). *See* 28 U.S.C. § 2283.[6] As we explained in *Woods Exploration & Producing Company v. Aluminum Company of America*, 438 F.2d 1286 (5th Cir. 1971), *cert. denied*, 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972), the federal courts' capacity to issue such injunctions " 'prevents multiple litigation of the same cause of action and it assures the winner in a federal court that he will not be deprived of the fruits of his victory by a later contrary state judgment which the Supreme Court may or may not decide to review.' " 438 F.2d at 1312, *quoting* Note, 74 Harv.L. Rev. 726, 734 (1961). *See also Scott v. Hunt Oil Co.*, 398 F.2d 810, 811 (5th Cir. 1968) ("Litigation must come to an end and the victors are entitled to the fruits of that victory. And the losers must abide the loss."). The record here indicates that Suncoast seeks to relitigate in the state court proceeding issues that have already been decided by the Southern District of New York. *See generally Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–974, 59 L.Ed.2d 210 (explaining doc-

trines of collateral estoppel and res judicata). Issuance of an order enjoining Suncoast from so proceeding was and is appropriate.

The district court has inherent power to enforce such orders through use of appropriate sanctions. *See, e. g., Scott v. Hunt Oil Company*, 398 F.2d at 811.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

---

**5.** *See generally* 7B Moore's Federal Practice § 1963 (2d ed. 1980):

Section 1963 provides a cumulative remedy. It does not prevent a judgment creditor from bringing an independent action on his judgment. And it may be advantageous for him to do this where the original judgment is not registrable due to the fact that it has not become final by appeal or expiration of the time for appeal.

**6.** 28 U.S.C. § 2283 provides as follows:

*A court of the United States may not grant an injunction to stay proceedings in a State court except* as expressly authorized by Act of Congress, or *where necessary* in aid of its jurisdiction, or *to protect or effectuate its judgments.*

(Emphasis added.) *See generally* 1A Moore's Federal Practice ¶ 0.224 (2d ed. 1979).