### In re PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION (PATCO), Debtor.

### AIR TRANSPORT ASSOCIATION OF AMERICA, Plaintiff,

### v.

### PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION (PATCO), Defendant.

### Bankruptcy No. 81–00656.
### Adv. No. 81–0308.

United States Bankruptcy Court, District of Columbia.

March 23, 1982.

George U. Carneal, Howard R. Moskof, Allen R. Snyder, Hogan & Hartson, Washington, D. C., for plaintiff ATA.

Richard Leighton, Gary Klein, Leighton, Conklin, Lemov, Jacobs & Buckley, Chartered, Washington, D. C., for defendant PATCO.

Angelo V. Arcadipane, Dickstein, Shapiro & Morin, Washington, D. C., for intervenors

Professional Airways Systems Specialists, Dist. No. 1—Pacific Coast Dist., Marine Engineers Beneficial Ass'n, MEBA Pension Trust and MEBAR Realty Trust.

Mitchell J. Notis, James R. Rosa, Washington, D. C., for intervenors John Dwyer and Jerry Tierney.

William Daniel Sullivan, Washington, D. C., for NS&T Bank, N. A.

Theodore C. Hirt, U. S. Dept. of Justice, Washington, D. C., for Federal Aviation Administration.

## MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

(Cross Motions for Summary Judgment—Applicability of FRCP 62(a) to a Money Judgment Entered Pursuant to Civil Contempt and 28 U.S.C. § 1963 to Registration of a Judgment While an Appeal is Pending)

The legal issues presented in the motions for summary judgment are important ones in the context of this pending Chapter 11 case and raise difficult problems of statutory construction and interpretation with respect to Federal Rule of Civil Procedure 62(a) (FRCP 62(a))[1] and Title 28 U.S.C. § 1963.[2] The undisputed facts of record as set forth by the parties in their cross motions for summary judgment, indicate that the plaintiff Air Transport Association of America ("ATA") registered three separate judgments in the United States District

---

1. FRCP 62(a) in pertinent part provides as follows:

"Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of this rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal."

2. Title 28 U.S.C. § 1963 states in pertinent part that:

"A judgment in an action for recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in a like manner.

"A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien."

Court for the District of Columbia pursuant to 28 U.S.C. § 1963, which were predicated on the assessment of fines aggregating approximately $4.5 million originally entered by the United States District Court for the Eastern District of New York on August 4, 5, and 6, 1981. Based on the registration of these three judgments in the United States District Court for the District of Columbia, writs of attachment were thereupon secured and delivered to the United States Marshal on August 7, 1981. It is clear that the securing, delivery to the United States Marshal and the serving of these three attachments were all done within ten days of the original entry of the judgments in the Eastern District of New York.[3]

An appeal from those judgments of the United States District Court for the Eastern District of New York was timely noted by PATCO on August 21, 1981, but no stay or supersedeas bond was ever obtained by the defendant. On September 11, 1981, ATA filed a motion for execution of its District of Columbia attachments pursuant to Rule 1–20(c)(5) of the Rules of the United States District Court for the District of Columbia and PATCO in turn filed an opposition.[4] Moreover, on September 15, 1981, PATCO filed a motion to vacate registra-

tion of the judgments on the ground that registration was premature in view of its pending appeal to the Second Circuit Court of Appeals. As a result of PATCO's filing a Chapter 11 petition with this Court on November 25, 1981, the proceedings in the United States District Court were timely removed by ATA on December 24, 1981 to this Court pursuant to 28 U.S.C. § 1478 and Local Bankruptcy Rule X–1004.

### I. Application of FRCP 62(a) to a Monetary Judgment Awarded in Civil Contempt

■ The threshold issues raised by the above facts[5] deal with the correctness of the plaintiff's securing of writs of attachment within the ten-day stay period provided in FRCP 62(a). There is no dispute that the "order and judgment of civil contempt" was a judgment within the scope of FRCP 54[6] and therefore within the purview of FRCP 62(a) which provides that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." ATA, however, argues that since the order and judgments of the District Court are in this case predicated on civil

---

3. According to 16 D.C.Code § 507(b) an inchoate lien arises "on the property attached from the date of its delivery to the marshal." In the context of bankruptcy cases, judicial liens [11 U.S.C. § 101(27)] as these, which arise ninety days prior to the filing of a bankruptcy petition, would under ordinary circumstances be subject to avoidance by the debtor in possession or trustee as preferences under 11 U.S.C. § 547(b). However, in this case, the judicial liens clearly arise outside the 90-day preference period, as this Chapter 11 petition was filed on November 25, 1981.

4. In addition, orders were also entered by the United States District Court granting rights to certain intervenors to intervene in this proceeding because of their interest as creditors in the attached funds. Specifically, on August 31, 1981, two orders were entered by Judge Harold Greene granting the motions of John Dwyer and Jerry Tierney to Intervene to assert an interest in certain attached property, and on October 6, 1981 three orders were entered by Judge Penn allowing Robert Meyer to intervene to assert an interest as Chief Financial Officer of PATCO, as trustee for PATCO Political Ac-

tion Fund, and as trustee for the National Controllers Subsistence Fund.

5. The original motions for summary judgment filed by the parties herein deal exclusively with the application of 28 U.S.C. § 1963 to a judgment sought to be registered in a foreign district court while an appeal is pending. At the original scheduled hearing before this Court on February 26, 1982, the Court, *sua sponte*, after a review of the pleadings filed herein, raised the issue and application of FRCP 62(a) to the money judgments in issue. It appeared to this Court that since the registration and the subsequent securing of the writs of attachment in the U. S. District Court for the District of Columbia were within ten days of the entry of the judgments in the Eastern District of New York that FRCP 62(a), which provides in part that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry," had been violated.

6. FRCP 54(a) provides that a judgment "includes a decree and any order from which an appeal lies."

contempt, Rule 62(a)'s stay of execution would not apply. For this proposition ATA cites *In re Manufacturers Trading Corp.*, 194 F.2d 948, 956 (6th Cir. 1952) (*Manufacturers*), *Patterson v. Lumbard*, 16 F.R.D. 140 (S.D.N.Y.1954) (*Patterson*), and *Rosenfeldt v. Comprehensive Accounting Service Corp.*, 514 F.2d 607 (7th Cir. 1975) (*Rosenfeldt*). However, this Court concludes that the *Patterson* and *Manufacturers* cases are clearly distinguishable on their facts and that the *Rosenfeldt* decision, insofar as it relates to Rule 62(a), is clearly dicta in that the issue addressed in that opinion deals with the appealability of an order granting a writ of attachment and not with the issue presently before this Court. Therefore, this Court concludes that based on the plain wording of the statute and because the money judgments in this case are not different than any other money judgment, the registration of the judgments and the writs of attachment must be quashed.[7]

Rule 62(a) specifically decrees that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." Three exceptions are expressly set forth and no discretion is provided for on the part of the Court. *Cf.* FRCP 62(b) and (c). The exceptions provide that "[u]nless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal." It is clear from the statute that these are the only exceptions. A money judgment predicated on civil contempt is not one of the stated exceptions. Therefore, this Court concludes that the ten-day stay of execution provided in FRCP 62(a) applies to money judgments predicated on civil contempt.[8]

ATA cites the *Manufacturers* case for the proposition that the 62(a) stay does not apply in civil contempt actions. However, this Court finds that the facts of that case are so clearly distinguishable as to be inapplicable in this case. In *Manufacturers*, the issue was whether an order entered which denied a motion to quash a subpoena duces tecum and compelled a witness to testify and held the witness in contempt for failure to testify would be stayed by FRCP 62(a) so as to entitle the witness to an automatic stay of the proceedings until the expiration of ten days after the entry of the civil contempt order. The Court addressed the issue of whether a contempt order is appealable under Rule 54 therefore bringing

---

**7.** This Court notes that the district court which found PATCO in contempt rejected the contention that the Rule 62(a) automatic stay applied in this case. However, as this Court will more fully set forth in this opinion, this Court feels the cases relied on by that court are distinguishable. The dialogue of the Eastern District of New York at the August 5, 1981 hearing with PATCO's counsel was as follows:

Mr. Drogin: (PATCO counsel)
"May I call the Court's attention to Rule 62(a) as to an automatic stay without the necessity of a supersedeas bond?"
The Court:
"And may I call your attention to 16 FDR [sic] [*Patterson*] and 194 F.2d [*Manufacturers*], wherein the Sixth Circuit and Southern District of New York said it was inapplicable in contempt proceedings."
Mr. Drogin:
"Thank you, your Honor."

**8.** In addition, the cases relied upon by ATA have been criticized by at least one leading authority on the Rules because of their departure from the explicit language of Rule 62(a):

"[*In re Manufacturers*, 194 F.2d 948 (6th Cir. 1952) and *Patterson v. Lumbard*, 16 F.R.D. 140 (S.D.N.Y.1954)] *have read* into Rule 62(a) an exception that it does not contain. They have held that even though a commitment for contempt is appealable, and thus a 'judgment' within the meaning of the rules, the automatic stay does not apply and the commitment is effective immediately. There is obvious force in the argument that contempt proceedings are *sui generis*, being 'in their nature summary; swift in execution; and their efficiency depends upon their summary character.' *Nevertheless it is difficult to reconcile these holdings with the language of the rule. If an exception should be added to the rule for contempt cases, it would be better to do this through the rulemaking process rather than by judge-made exception.*"
11 Wright & Miller, § 2901, pp. 311–312 (1973 ed.). (Emphasis added).

the provisions of Rule 62 into play which provide that no proceeding shall be taken to enforce a judgment until the expiration of ten days after its entry. The Court found that:

> "[t]here can be no question that a contempt order, directed to making a witness answer questions, is not an appealable order, under the Federal Rules of Civil Procedure, as is entitled to an automatic stay of proceedings until the expiration of ten days after its entry." [Emphasis added].

*In re Manufacturers Corp., supra*, 194 F.2d at 956.

There, therefore, appears to be a difference between this case and the case presently before this Court. In the pending proceeding the nature of the civil contempt is to award monetary compensation to an injured party for a violation of an order as opposed to compelling a witness to testify. The Court in *Manufacturers* based its holding that § 62(a) did not apply in contempt proceedings where a witness is being compelled to testify on the fact that to hold otherwise might endanger the power and integrity of the Court. The Court stated that:

> "If every time a witness, being of the opinion that an examination before the court was illegal, or burdensome, or oppressive, *refused to answer a question* and upon an order adjudging him guilty of contempt and remanding him to jail, became entitled to an automatic stay of ten days before the order could be enforced, contempt proceedings would lose all their inherent quality and efficiency; and unless it clearly appears that such was the intent of the Federal Rules of

Civil Procedure, they can not be so construed." [emphasis added]

*Id.* at 957.

Likewise, in the *Patterson* case, the Southern District of New York was confronted with a habeas corpus proceeding of a person who refused to comply with a court order to produce certain books and records. The court expressly relied upon the Sixth Circuit decision in *Manufacturers* and held that the 62(a) ten-day stay of execution does not apply to civil contempt proceedings for refusal to comply with a court order to produce books and records.

■ Both of these decisions, relied upon by ATA, are clearly distinguishable in that they deal with a prospective court order directing a party to perform a specified act. In both *Manufacturers* and *Patterson* contempt by a non-party witness who refused to testify or produce documents in response to a court order was at issue. In each case the witness was ordered jailed until he agreed to comply with the courts' orders. Further, the court proceedings would be delayed until the witnesses complied with the courts' orders and the contemnors at all times held the key to their release. In contrast, the contempt judgment against PATCO was for violation of a long standing injunction. The contempt proceedings were initiated by a private party who had sustained a loss as a result of the violation.[9] A fine payable to ATA, was entered to compensate them for their loss.[10] The court's central purpose was to avoid further harm to the airline industry, not to protect the power of the court. Indeed, a crucial distinction between the instant case and the

---

**9.** It is clear that the District Court has the power in civil contempt cases to assess a fine and in turn to have that fine embodied in a money judgment in favor of any party that has sustained a loss as a result of that contempt. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949); *United States v. United Mine Workers*, 330 U.S. 258, 304, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947); *Gordon v. S. S. Vedalin*, 346 F.Supp. 1178 (D.Md.1972).

**10.** Moreover, it is well established that such fines, when payable to a private party, are intended to be compensatory in nature and not punitive in character. *See Broadview Chemical Corp. v. Loctite Corporation*, 311 F.Supp. 447, 449. (D.Conn.1970); *N. L. R. B. v. San Francisco Typographical Union*, 465 F.2d 53, 57 (9th Cir. 1972). This view is also consistent with the Bankruptcy Code where fines payable to a private party are clearly distinguishable from fines payable to a governmental unit, as they are dischargeable in bankruptcy. *See* 11 U.S.C. § 523(a)(7).

cases cited by ATA is that a money judgment was entered in this case which could not be vacated or reduced by an prospective action by PATCO whereas the *Manufacturers* and *Patterson* cases involved witnesses who could have immediately cured their contempt by compliance with the courts' orders. The money judgment entered was to exact monetary retribution for the damages suffered by ATA. The Court in *Manufacturers* pointed out that the 62(a) exception did not apply in civil contempt actions because "judgments or orders in contempt differ from judgments in other cases ... [because] they are 'exertions of the power inherent in all courts to enforce obedience, something they must possess in order properly to perform their functions.' *Myers v. United States,* 264 U.S. 95 [44 S.Ct. 272, 68 L.Ed. 577]." [further citations omitted] *supra,* 194 F.2d at 956. It appears that the primary concern of the *Manufacturers* court was not that all orders of contempt be excluded from the provisions of FRCP 62(a), but only that Rule 62(a) procedures not destroy the very essence of contempt proceedings.

ATA also cites the case of *Rosenfeldt* for the proposition that civil contempt is not within the purview of Rule 62(a) *supra,* 514 F.2d at 613 n.9. The primary issue before that Court dealt with the appealability of three separate interlocutory orders entered by the District Court, and it should be noted that their reference to Rule 62 in footnote 9 was clearly dicta.

The Court stated at footnote 9 that: "A fine levied for civil contempt *appears to be* 'final' for purposes of execution and yet not 'final' within the meaning of the Federal Rules ... as far as appellate jurisdiction is concerned. Under these circumstances, none of the explicit provisions for stays set forth in Fed.R.Civ.P. 62 *would seem* to apply." (emphasis added)

However, this Court points out again that 62(a) provides that "*[e]xcept as stated herein,* no execution shall issue upon a judgment *nor proceedings* taken for its enforcement

until the expiration of 10 days after its entry" except in three instances, none of which is herein applicable. [emphasis added] There is nothing in 62(a) which states that money judgments levied in civil contempt actions are excepted from 62(a) application. In addition this court notes the qualifying language of the footnote which states that "none of the explicit provisions for stays set forth in Fed.R.Civ.P. 62 *would seem* to apply." [emphasis added] The court did not give any explanation as to why the Rule 62 stay would not be applicable in a fine levied for civil contempt. Further, the civil contempt order in *Rosenfeldt* was issued on June 20, 1974. In the decision which was argued on January 16, 1975 and decided on April 11, 1975, the court states that "Comprehensive has already *begun* to collect the fine." *supra,* 514 F.2d at 613. This Court cannot determine from the record if the plaintiffs attempted to collect on the fine during the ten-day period during which the automatic stay of FRCP 62(a) applies. It is entirely conceivable that the *Rosenfeldt* court was not addressing the application of Rule 62(a) because the ten-day stay period had long ago run and the issue was moot but rather was addressing the application of the other stay provisions of Rule 62. This is buttressed by the fact that the Court does not make specific reference to 62(a) but rather only makes reference to Rule 62. Moreover, in *Rosenfeldt,* the order imposing civil contempt fines was held not to be a final order within the meaning of 28 U.S.C. § 1291. In the proceeding before this Court, the civil contempt fines are entered within the framework of a final and appealable order,[11] and insofar as the money judgments are set forth in the orders involved, the Court sees no sound reason for creating further exceptions to Rule 62(a). In *Andrus v. Glover Construction Co.,* 446 U.S. 608, 616–617, 100 S.Ct. 1905, 1910, 64 L.Ed.2d 548 (1980), the Supreme Court held that 'where Congress explicitly enumerates certain exceptions to a general proposition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent."

---

**11.** In fact, the Second Circuit on December 18, 1981, affirmed ATA's $4.5 million judgment.

Further, according to 7 Moore's Federal Practice § 62.03 at 62–11–12 the underlying policy reasons for imposing the 62(a) automatic ten-day stay of execution is to give "a party time to prepare for appeal or to determine what other method of review of the judgment ought to be taken." It seems logical to this Court that the underlying policy argument would apply to ATA's judgment as well as to other judgment creditors. This is further supported by the fact that the civil contempt judgment entered in this case was an appealable order.

ATA further advances the argument that:

"All the cases cited above base their holdings on the broad principle that the efficiency of contempt proceedings depends upon their summary character. This principle applies with equal if not greater force when the sanction is a fine rather than imprisonment. Indeed, our system of jurisprudence has consistently afforded greater protections against incarceration than against money judgments, because the former deprives the contemnor of his liberty; a fine does not threaten such irreparable injury.... Thus, if a contempt order for imprisonment is not stayed automatically pending appeal, then it follows *a fortiori* that a fine should not be stayed automatically, since a monetary penalty, unlike a loss of liberty, could be returned in the event of appellate reversal." [footnotes and citations omitted]. Plaintiff's Supplemental Memorandum filed March 8, 1982 at 5.

This argument, however, overlooks the fact that civil contempt fines are compensatory in nature and not punitive. Where compensation is intended, the fine is imposed and made payable to the complainant. Such was the situation before the Eastern District of New York in this case. Insofar as it is necessary for the court to coerce payment by imprisonment, the integrity of the Court may very well become a vital element of consideration. However, insofar as a money judgment is at stake, the policy considerations dealing with enforcement of the judgment need not be given any greater consideration than with respect to other money judgments.

ATA further sets forth the argument that

"[t]he contempt judgments at issue here is a 'judgment in an action for an injunction,' since the underlying action in the Eastern District of New York was an action for an injunction. Because Rule 62(a) does not limit its exception to 'injunctions,' but rather to 'judgment[s] in an action for injunction,' the literal language of the rule supports ATA's position, as do all the cases which have considered this question."

Plaintiff's Reply to Supplemental Memoranda at 1–2.

First, this Court notes that PATCO was held in civil contempt for violation of a long standing injunction. When PATCO violated this injunction, they were found in civil contempt. It is clear that "[j]udicial sanctions in contempt proceedings may ... be employed for either or both of two purposes: to coerce the defendant into compliance with the court order, and to compensate the complainant for losses sustained." *Clark v. Boynton*, 362 F.2d 992 (5th Cir. 1966). The civil contempt sanction in the case presently before this court assessed a fine payable to ATA to compensate them for their losses. The judgment appears to be a judgment assessed because of civil contempt as opposed to a "judgment in an action for an injunction." It appears that this was not a judgment in an action "*for an injunction*" as there was already a pending injunction issued and the judgment assessed was for disobeying a court order.

Finally, ATA advances the argument that imposition of the automatic stay may render the order

"ultimately non-enforceable if the contemnor dissipates his assets; this risk is not present regarding a contempt order punishable by imprisonment. Thus, the arguments against an automatic stay of a contempt order are even *stronger* in connection with a fine than in the imprisonment context considered by the *Manufacturers Trading* and *Patterson* courts."

Plaintiff's Supplemental Memorandum filed March 8, 1982 at 5–6. However, this is a risk inherent in all debtor-creditor relationships, and is one of the reasons why states have enacted some form of fraudulent transfer laws. It is not a compelling reason why the plain language of Rule 62(a) should be ignored with respect to money judgments. These are clearly policy arguments more properly addressed to the legislature than to the court.

For the reasons stated above, this Court concludes that the civil contempt money judgments of August 4, August 5, and August 6, 1981 registered by ATA in the United States District Court for the District of Columbia, and the subsequent writs of attachment issued on August 7, 1981, presently pending in this civil action, were improperly registered during the automatic stay period of FRCP 62(a) and should accordingly be quashed.

II. *Application of 28 U.S.C. § 1963 to a Foreign Judgment While An Appeal is Pending*

▮ Although the Court's ruling has effectively disposed of the pending litigation based on the application of Federal Rule 62(a) to the registered judgments and writs of attachment secured thereon, the original motions filed by the parties for partial summary judgment deal also with the important legal issue concerning the application of 28 U.S.C. § 1963. For purposes of judicial economy and because of the likelihood of an appeal, the Court will address this issue as well.

As is clear from the uncontested statement of facts, the judgments were registered in the United States District Court for the District of Columbia on August 7, 1981 and on August 21, 1981 an appeal was timely noted by PATCO to the United States Court of Appeals for the Second Circuit. The issue this Court must now decide is whether the judgments could properly be registered in the District of Columbia court under 28 U.S.C. § 1963.

PATCO, in its cross motion for summary judgment, contends that the plain language of § 1963 expressly prohibits registration until after the judgment "has become final by appeal". 28 U.S.C. § 1963. In turn, this Court notes that the words "final by appeal"[12] has been interpreted to mean that "[t]he case is still pending until it is disposed of by the appeal and the judgment, in any ordinary sense, cannot be regarded as final until that time." *Abegglen v. Burnham*, 94 F.Supp. 484, 486 (D.Utah 1950). Accordingly, based on the undisputed facts of record, the ATA judgments were not final within the logical intent of 28 U.S.C. § 1963 until December 18, 1981, when the United States Court of Appeals for the Second Circuit affirmed ATA's $4.5 million judgment. *Air Transport Association of America v. PATCO*, 667 F.2d 316 (2nd Cir. 1981).

ATA, however, has advanced the argument that this Court must consider, *in pari materia*, the provisions of § 1963 together with FRCP 62(d)[13] in order to apply the statute in accord with the legislative history.[14] Principal reliance is placed by ATA

**12.** The remaining language of the statute, namely "expiration of time for appeal" is clearly not applicable based on the fact that an appeal was in fact timely noted by the defendant PATCO in this proceeding. However, it should be noted that ATA did register the judgment before the expiration of the time for noting the appeal and before the appeal was so entered. This Court would therefore advance the same statutory arguments to this section of the statute if an appeal had not been noted.

**13.** FRCP 62(d) provides that:
"When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdi-

vision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court."

**14.** It is clear from the legislative history that the precise issue confronting this Court is not specifically addressed by the legislative history. *See* Historical and Revision Notes to § 1963 and *Ohio Hoist Manufacturing Co. v. Li Pocchi*, 490 F.2d 105, 108 (6th Cir. 1974) (statement from appendix to decision containing a summary of the legislative history of § 1963). It is clear, however, that § 1963, which became ef-

on the holding of the United States District Court in the Northern District of Alabama in *Dorey v. Dorey,* wherein the court found that it was the intent of 28 U.S.C. § 1963 "to grant citizens the privilege to collect any final money judgment, unless stayed." 77 F.R.D. 721, 722 (N.D.Ala.1978). The court pointed out that under FRCP 62 and FRAP 8, judgments of the United States District Courts are immediately enforceable notwithstanding an appeal unless they have been stayed by order of the court or by the filing of a supersedeas bond. The court therefore held that § 1963

> "should be interpreted *in pari materia* with F.R.C.P. 62, and that the statute [§ 1963] must be read as assuming an appeal with supersedeas. The statute does not by its terms purport to grant a stay. It simply applies to the registration from the judgment."

*Dorey v. Dorey,* supra, 77 F.R.D. at 723. ATA therefore contends that because PATCO did not in any way comply with the requirements of FRCP 62(d) with respect to securing a stay by the filing of a supersedeas bond, that the judgment is now final withing the meaning of § 1963 and thus is subject to immediate registration. While this argument has a certain amount of compelling logic, it fails, in the Court's opinion, to address the plain wording and language of the statute at issue.

This Court finds that unless there is a complete and patent inconsistency between

the two cited sections—namely, § 1963 and FRCP 62(d), the application of the statutory rule of construction *in pari materia* does not apply. *See* 2a Sutherland Statutory Construction § 51.01 at 287 (4th ed. 1973). In other words, as appropriately stated in the latter treatise:

> "[O]ther statutes may not be resorted to if the statute is clear and unambiguous without reference to it, unless the unambiguous statute, taken alone, would violate constitutional restrictions, in which case it may be construed with other statutes on the same subject in order to discover an interpretation that renders it constitutional." [footnotes omitted]

Here the language of § 1963 is relatively clear and unambiguous and it would accordingly appear that the registration of a judgment must await the outcome of the appeal or until the time has expired with respect to the noting of an appeal. Although this construction might in certain cases present a factor of delay to the judgment creditor, as ably argued by ATA in its memorandum, it is not a persuasive enough argument for the Court to ignore the plain and clear wording of the statute itself.

An analysis of the *Dorey* opinion has already been rendered in detail by United States District Court for the District of Maryland in the case of *Kaplan v. Hirsch,* 91 F.R.D. 106 (D.Md.1981) and the reasoning set forth therein is sound and persuasive in the opinion of this Court.[15] Fur-

---

fective on September 1, 1948, was designed to "relieve both creditors and debtors from the additional cost and harassment of further litigation which otherwise would be incident to an action on the judgment in a foreign district." *Juneau Spruce Corp. v. International Longshoremen's & Warehousemen's Union,* 128 F.Supp. 697, 700 (D.Haw.1955). It is also clear from a review of various cases dealing generally with the effect and purpose of § 1963 that the purpose of this statute was to provide a registration and enforcement remedy for judgment creditors similar to the Uniform Enforcement of Foreign Judgments Act.

**15.** Judge Watkins in *Kaplan v. Hirsch, supra,* 91 F.R.D. at 108 held, after reviewing the constitutional arguments raised by the Dorey court that:

"While this Court cannot agree with all of the *Dorey* court's contentions as to the constitutional questions addressed in that opinion, *see e.g.,* nn 5, 6 *supra,* it need not address these contentions in any great detail. All of the constitutional problems raised by the *Dorey* court are premised on the assumption that a failure to register a foreign district's judgment will prevent extraterritorial execution on the judgment, in effect operating as a stay. That crucial premise is, however, invalid.

As the *Dorey* court itself recognized ... registration of a federal judgment is not the only means by which extraterritorial execution of such a judgment can be accomplished. One commentator has stated:

"Section 1963 provides a cumulative remedy. It does not prevent a judgment creditor from bringing an independent action on his

ther, the United States District Court for the District of Columbia in *Anthan v. Davey*, Misc. No. 81–0229 (December 1, 1981) (*Anthan*) citing the *Kaplan* decision denied the registration of a judgment secured against PATCO because an appeal was presently pending in the Eighth Circuit. In the *Anthan* opinion Judge Norma Holloway Johnson stated that:

"All of the constitutional infirmities that are cited in the *Dorey* opinion and echoed in plaintiff's petition for mandamus are premised upon the incorrect assumption that a failure to register a judgment entered in a foreign district will inevitably operate as a *de facto* stay and preclude extraterritorial execution on the judgment. Yet it is clear that registration of a federal judgment pursuant to 28 U.S.C. § 1963 is not the only way to obtain territorial execution on a judgment. A judgment creditor in plaintiff's position retains the right to bring an *independent action* on his judgment in other jurisdictions, and that procedure should be utilized whenever the original judgment is not yet registrable due to the pendency of the appeal. *See, e.g., Meridian Investing and Development Corp. v. Suncoast Highland Corp.*, 628 F.2d 370, 373 n.5 (5th Cir. 1980); *Kaplan v. Hirsch*, 91 F.R.D. 106 (D.Md.1981); *ITT Industrial Credit Co. v. Lawco Energy, Inc.*, 86 F.R.D. 708, 711 (S.D.W.Va.1980). *See also* 7B Moore's Federal Practice, § 1963 at 853–54 (1981)." [emphasis in original]

*Anthan v. Davey,* supra at 2.

A review of other reported decisions which have interpreted the statute have held that the provisions of § 1963 restricts the judgment creditor's right to register a judgment in a foreign federal district court until that judgment has become final by

judgment. And it may be advantageous for him to do this where the original judgment is not registrable due to the fact that it has not become final by appeal or expiration of the time for appeal.' 7B Moore's Federal Practice § 1963 at 853–54 (1981)."

**16.** The suing in one court based upon a foreign judgment is a well recognized and widely employed procedure by creditors as is demonstrated by the recent decision of the D. C. Court of

appeal or expiration of time for appeal without posting a supersedeas bond. *See Lipton v. Schmertz*, 68 F.R.D. 249 (S.D.N.Y. 1974); *Abegglen v. Burnham*, 94 F.Supp. 484 (D.Utah 1950); *Meridian Investing & Development Corp. v. Suncoast Highland Corp.*, 628 F.2d 370 n.5 (5th Cir. 1980); *Stanford v. Utley*, 341 F.2d 265 (8th Cir. 1965); *Gullet v. Gullet*, 188 F.2d 719, 720 (5th Cir. 1951).

Further, this court notes that a creditor who cannot use the streamlined procedures of 28 U.S.C. § 1963 because an appeal is pending or the time for noting the appeal has not yet expired, is not entirely without a remedy. A suit in a foreign court based on the existing judgment still remains as a remedy to that creditor in order to enforce the original judgment. While this latter remedy is certainly not as feasible or as simple as registration under § 1963, it does provide a means for creditor relief.[16]

Accordingly, there is no underlying or manifest inconsistency between § 1963 and FRCP 62(d). For whatever reason Congress chose to condition registration as set forth within the parameters of § 1963, it is not for this Court to read into the statute a more satisfactory and expeditious route for a judgment creditor, however appealing this approach might appear to be. It seems clear to this Court that Congress intended that § 1963 was to be a streamlined enforcement procedure for registering federal judgments which were limited to judgments "final by appeal or expiration of time for appeal." As stated in the *Kaplan* decision

"[s]uch judgments are the most suitable subjects for a streamlined enforcement procedure, because there is no danger of a later reversal of the original judgment, and collateral attack is quite limited.

Appeals in *Fehr v. McHugh*, 413 A.2d 1285 (D.C.App.1980). In addition, if ATA had filed a complaint to attach the assets of PATCO in the United States District Court for the District of Columbia, and also filed a motion for Temporary Restraining Order along with the complaint, ATA could have secured a temporary restraining order thereby preventing PATCO from using, spending or moving its assets.

Moreover, contrary to the *Dorey* court's assertion that Congress could not have intended to limit the application of the registration procedure to such judgments, the plain meaning of the statutory language demonstrates that Congress intended to do just that."

*supra*, 91 F.R.D. at 109.

Accordingly, for the reasons stated in this memorandum opinion, it is clear that the registered judgments and the subsequent writs of attachment should be vacated. Based on the holding of the court in *Ohio Hoist Manufacturing Co. v. Li Rocchi*, 490 F.2d 105 (6th Cir.), *cert. denied*, 417 U.S. 938, 94 S.Ct. 2654, 41 L.Ed.2d 661 (1974) vacation of the registration would be the appropriate remedy in connection with this proceeding.[17]

## ORDER

### (Vacating Registration and Quashing Writs of Attachment)

After a review of the pleadings in this case and after a hearing on the cross motions for summary judgments on February 26, 1982, and as more fully set forth in this Court's Memorandum Opinion of March 23, 1982, and this Court's finding that the three orders and judgments of civil contempt registered in the United States District Court for the District of Columbia as Misc. No. 81–0173 were registered prematurely in that they were registered pursuant to 28 U.S.C. § 1963 which provides that a judgment can only be registered in any other district when it has become final by appeal or expiration of time for appeal, and it appearing that the appeal was final on December 18, 1981, and the judgments were registered on August 7, 1981, and in addition because steps were taken to execute on these judgments during the automatic ten-day stay provided in FRCP 62(a), it is therefore

ORDERED: That the registration of Misc. No. 81–0173 which is composed of

[17.] It is important to note that the status of ATA is, as a result of this Court's ruling, a general unsecured creditor. The remaining issues raised in this adversary proceeding as a

three orders and judgments of civil contempt filed by the plaintiff on August 7, 1981, was and is null and void; that said registration of said document is hereby vacated, and it is further

ORDERED: That all of the writs of attachment issued pursuant to the registration of Misc. No. 81–0173 are hereby quashed.

result of the plaintiff's actions have now become moot and accordingly are subject to dismissal.